UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STEVEN MORRIS, individually,
and STEVEN MORRIS as Surviving
Spouse of PATRICIA MORRIS,
deceased, and STEVEN MORRIS as
the Administrator of the Estate of
PATRICIA MORRIS,

          Plaintiff,

vs.

                               CIVIL ACTION
                               FILE NO.: 3:09-cv-74(CDL)

HARLEY DAVIDSON MOTOR
COMPANY and GOODYEAR
DUNLOP TIRES NORTH
AMERICA, LTD.,

          Defendants.
_____/

## DEFENDANT HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Harley-Davidson Motor Company Group, LLC ("Harley-Davidson"), pursuant to Rules 8, 9(b), 10, and 12(b)(6) of the Federal Rules of Civil Procedure, files this Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint, showing the Court as follows:

This is a basic product liability case. However, Plaintiff's Complaint consists of 67 pages and 217 paragraphs of allegations against the

defendants. See Doc. 1. Despite its apparent length and the number of allegations, Plaintiff's Complaint is nothing more than a typical shotgun pleading full of sound and fury, but signifying nothing. Plaintiff's complaint is rife with pleading deficiencies in violation of Rules 8, 9, and 10 of the Federal Rules of Civil Procedure. It is a prime example of the type of pleading that the Eleventh Circuit has railed against due to their toll on the court, parties and the judicial process. Furthermore, several of Plaintiff's claims fail to state a claim under federal or state law and should be dismissed.

I.  <u>Plaintiff's Complaint should be dismissed because
it is an improper "shotgun complaint" and fails to meet
the applicable pleading standard of Rule 8.</u>

Plaintiff's complaint is a typical shotgun pleading. "The typical shotgun complaint contains several counts each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C., v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). In this case, each of the Complaint's fifteen counts incorporates by reference all of the preceding counts and allegations. *See* Doc. 1 at ¶¶ 115, 126, 137, 145, 153, 164, 175,

183, 191, 197, 203, 206, 209, 212, and 215. Every count of the complaint against Harley-Davidson not only contains factual and legal conclusions which are irrelevant to the claim for relief asserted, but also includes allegations regarding alleged conduct and legal conclusions about the co-defendant, Dunlop. Due to the shotgun nature of the Complaint is virtually impossible for Harley-Davidson to determine the nature and bases of Plaintiff's claims against it.

The Eleventh Circuit has "had much to say about shotgun pleadings, none of which is favorable." *Cook v. Randolph County*, 2009 WL 1929158 (11th Cir. 2009). The court has repeatedly condemned shotgun pleadings. *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 n. 54 (11th Cir. 2008)("since 1985 we have explicitly condemned shotgun pleadings upward of fifty times."). As the Eleventh Circuit explained, "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996).

In *Lampkin-Asam v. Volusia County Sch. Bd.*, 261 Fed. Appx. 274, 276 (11th Cir. 2008), the court affirmed the district court's dismissal where plaintiff, while attempting to allege a claim under 42 U.S.C. § 1983, leveled non-sensical accusations against her employer. 261 Fed. Appx. at 276. The district court dismissed two other complaints filed by the plaintiff on the grounds that her "initial complaint was 'disjointed, repetitive, disorganized and barely comprehensible.'" The district court also noted that because the complaint grouped several claims under each 'count,' it was not possible to 'decipher which claims [were] brought against which parties under which counts." *Id.* The plaintiff re-filed her complaint, which the district court described as a "shot-gun" pleading. *Id.* Plaintiff was given another opportunity to correct her pleading, but her Second Amended Complaint proved no different that her previous attempts, and was described "as a labyrinth of claims, counts, accusations and repetition." *Id.* The complaint was ultimately dismissed with prejudice. *Id.* The Eleventh Circuit Court of Appeals affirmed the dismissal. *Id.* at 277. The court expressly rejected shotgun pleadings as prohibited under Rule 8(a)(2) of the Federal Rules of Procedure, "which requires a claim for relief to be 'a short and plain

4

statement of the claim showing that the pleader is entitled to relief.'" *Id.* (internal citation omitted.)

Not only is Plaintiff's Complaint a shotgun pleading, Plaintiff's allegations fail to meet the requirements for pleading a short and plain statement of the claim under Rule 8. In discussing the pleading requirements of Rule 8, the Supreme Court recently explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id. (quoting Bell Atl. Corp. v Twombly*, 550 U.S. 544 (2007)).

In this case, except for the first paragraph of each count which merely realleges every preceding paragraph in the Complaint, the individual counts of Plaintiff's Complaint do nothing more than plead the bare conclusory language of the elements of the claim for relief. For instance, Plaintiff's strict liability claim against Harley-Davidson alleges:

115.

Plaintiff realleges and incorporates by reference paragraphs 1 through 114 above as if they were fully restated verbatim herein.

116.

The 2007 Ultra Classis [sic] was defective at the time it was sold by

Defendant Harley or at the time it left Defendant Harley's control.

117.

The 2007 FLHTCU Ultra Classic was expected to and did reach the user without substantial change in the condition in which it was sold.

118.

The 2007 FLHTCU Ultra Classic as designed, marketed, and sold by Harley was incapable of being safely used, with the tires specified by Harley, with foreseeable loads of riders, cargo, and parts and appurtenances as a touring motorcycle.

119.

Plaintiff Steven Morris was a person who would reasonably be expected to use the 2007 FLHTCU Ultra Classic as a touring motorcycle with a passenger, cargo and parts and appurtenances.

120.

Plaintiff Steven Morris did use the 2007 FLHTCU Ultra Classic as a touring motorcycle with a passenger, cargo and parts and appurtenances.

121.

Plaintiff Steven Morris did use the 2007 FLHTCU Ultra Classic as a touring motorcycle with a passenger, cargo and parts and appurtenances without substantial modification and did not misuse or abuse the 2007 FLHTCU Ultra Classic.

122.

As designed the motorcycle was incapable of safely transporting riders such as Steven Morris with a foreseeable passenger, cargo, and parts and appurtenances.

123.

As designed the motorcycle failed to include necessary warnings and instructions to warn Steven Morris, when carrying a foreseeable passenger, cargo and parts and appurtenances, that it was overloaded and unsafe for his use.

### 123.

As designed the motorcycle failed to include necessary warnings and instructions to warn Steven Morris, when carrying a foreseeable passenger, cargo and parts and appurtenances, that it was overloaded and unsafe for his use.

### 124.

As designed the motorcycle failed to include necessary warnings and instructions to warn Steven Morris, when carrying a foreseeable passenger, with cargo and parts and appurtenances, that the rear tire was losing air and creating a dangerous and hazardous situation that required immediate reaction to avoid a catastrophic failure of the tire and loss of control of the motorcycle.

### 125.

As a direct and proximate result of the defects in the 2007 FLHTCU Ultra Classic, Plaintiff Steven Morris suffered injuries and damages, including past and future medical expenses, and past and future mental and physical pain and suffering entitling Plaintiff to a judgment against Defendant Harley in excess of $500,000.00.

Doc. 1 at ¶¶ 115-125. Counts Two through Fifteen are similarly flawed.

Moreover, nearly every "factual allegation" in paragraphs 5 through 114 of Plaintiff's complaint is repetitious and conclusory in nature. The Eleventh Circuit has:

> constantly preached to attorneys that they should avoid repetitious allegations and averments in complaints, warning against the reviled 'shotgun pleadings' style. One of us has been particularly outspoken on the subject, always ready with the verbal cudgel to pound on those who file prolix and repetitious complaints, instead of the 'short and plain statement of the claim' contemplated by Rule 8."

*Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1299 (11th Cir. 2007).

7

One of the first examples of Plaintiff's repetitious allegations can be found at paragraphs 6, 7, 9, and 11 which state:

6.

Harley advertized, marketed and represented to the public that the 2007 FLHTCU Ultra Classic is a touring motorcycle.

7.

Harley advertized, marketed and represented to the public that the 2007 FLHTCU Ultra Classic is a touring motorcycle capable of carrying riders and their cargo appropriate for touring.

9.

The 2007 FLHTCU Ultra Classic is a big motorcycle and was designed and represented to the public by Harley of being able to carry two riders and their cargo appropriate for touring.

11.

The 2007 FLHTCU Ultra Classic is a big motorcycle and was designed and represented to Steven Morris by Harley of being able to carry two riders and their cargo appropriate for touring.

Doc. 1 at ¶¶ 6, 7, 9, and 11. Although the wording of these paragraphs is slightly different, each of the allegations is materially same. Other examples of the Complaint's repetitive allegations against Harley-Davidson can be found at: ¶¶ 8, 10, 12, 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 45, and 52; ¶¶ 13, 15, 17, 19, 21, 23, 27, 29, 31, 33, 35, 37, 39, 41, 44, and 54; ¶¶ 58, 59, 60, 62, 63, 64,65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, and 78; ¶¶ 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, and 102.

Plaintiff's repetitive allegations violate the requirements of Rule 8(a) and serve no purpose other than to increase the length of the Complaint and unnecessarily increase the amount of time and attorneys' fees Harley-Davidson would incur having to prepare and serve an Answer to the Complaint. Moreover, until the bases of Plaintiff's claims are made clear, neither Harley-Davidson, nor this court will be able to determine the scope of permissible discovery.

Accordingly, Plaintiff's shotgun complaint and its general, conclusory and repetitious allegations violates the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and creates an undue burden upon Harley-Davidson, and upon the Court's ability to manage the case and discovery. Therefore, Plaintiff's complaint should be dismissed so that Plaintiff can properly re-plead the claims in accordance with the applicable rules of civil procedure.

II.     Plaintiff's fraud claim fails to meet the
        specificity requirements of Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that "all averments of fraud . . . [and] the circumstances constituting fraud . . . shall be stated with

particularity. *Id.*[1] As the Eleventh Circuit has repeatedly held, claims for fraud must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001) (*quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380-81 (11th Cir. 1997).

"Simply put, [Rule 9(b)] requires that a plaintiff plead all the elements of the first paragraph of a newspaper story: 'the who, what, when, where, and how.'" *In re Coca-Cola Enters. Secs. Litig.,* 510 F.Supp. 2d 1187 (N.D. Ga. 2007), citing, *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1262 (11th Cir. 2006). Plaintiff is thus required to plead fraud with sufficient particularity to alert Harley-Davidson "to the 'precise misconduct with which [it is] charged.'" *Ziemba,* 256 F.3d at 1202 (internal quotation omitted). As explained by the Eleventh Circuit:

When a plaintiff does not specifically plead the minimum

---

[1] Both Georgia and federal rules require fraud to be pled with particularity. *See* Fed. R. Civ. P. 9(b) and Ga. Code Ann. § 9-11-9(b).

elements of [his] allegation, it enables [him] to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and at worst, ... baseless allegations used to extract settlements. The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim....

*United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1359-60 (11th Cir. 2006) (quoting *U.S. ex rel Clausen v. Lab Corp. of Am.,* 290 F.3d 1301, 1312 n. 21 (11th Cir 2002); *see also U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.,* 755 F. Supp. 1055, 1056-57 (S.D. Ga. 1990) (courts require fraud to be pled with particularity to ensure that defendants have sufficient information to formulate defenses by putting them on notice of the conduct complained of, to protect defendants from frivolous suits, to eliminate fraud actions in which all facts are learned after discovery, and to protect defendants from harm to their good will and reputation).

Plaintiff's allegations in this case fail to meet these standards. As pled, Plaintiff's fraud count against Harley-Davidson consists of the first 203 paragraphs of the complaint which include the negligence, product liability, and breach of warranty claims against both Harley-Davidson and Dunlop. Doc. 1 at ¶ 204. However, nowhere in the Complaint does plaintiff indicate

who at Harley-Davidson made the misrepresentations, when the misrepresentations were made, how they were communicated to plaintiff, or which documents contained the misrepresentations. Instead, plaintiff relies solely on non-specific general conclusory allegations regarding Harley-Davidson's alleged advertising, marketing and representations to the public. In an effort to make the allegations appear more specific, Plaintiff repeats these general conclusory allegations ad nauseum and replaces "public" with "Steven Morris". *Compare e.g.* Doc. 1 at ¶¶ 9 and 11; ¶¶ 13 and 15; ¶¶ 17 and 19; and ¶¶ 18 and 20.

Simply repeating conclusory allegations does not create the necessary specificity under Rule 9(b), nor does repeating the allegation and substituting Plaintiff's name for "public." The controlling precedents of the Eleventh Circuit have held that plaintiff is required to identify "precisely what statements were made [and] in what documents [the statements were contained.]" *Ziemba,* 256 F.3d at 1202. Plaintiff has failed to allege even one specific representation from Harley-Davidson. Similarly, plaintiff has failed to state the time or place of the alleged misrepresentations. These ambiguities leave Harley-Davidson unable to meaningfully prepare its defense in response to plaintiff's allegations of fraud, and do not satisfy the

9(b) pleading standards. *See, e.g., Garfield*, 466 F.3d at 1262-63 (fraud claims that did not specify when and how the fraud occurred did not meet Rule 9(b)'s pleading standards).

In addition, Plaintiff fails to identify the "content and manner in which these statements misled," as required by Eleventh Circuit precedent. *Brooks*, 116 F.3d at 1371. This issue is critical because Plaintiff must demonstrate reasonable reliance on the alleged misrepresentations. *See, e.g., Lawyers Title Ins. Corp. v. New Freedom Mortgage Corp.*, 645 S.E.2d 536, 544 (Ga. Ct. App. 2007) (justifiable reliance is essential element of fraud claim and must be proven separate and apart from other elements).[2]

Courts in the Eleventh Circuit routinely dismiss fraud claims where, as here, plaintiffs have failed in their obligation to plead with particularity. *See, e.g., Rogers v. Nacchio*, 241 Fed. Appx. 602, 608 (11th Cir. 2007) (affirming dismissal of fraud claims for failure to allege specific facts regarding which statements and acts were the fraudulent ones); *Garfield*, 466 F.3d at 1262-63 (affirming dismissal of fraud claim that was vague as to

---

[2] To the extent that Plaintiff's fraud claim is based upon allegations that Harley-Davidson subjected the public to its deceptive advertising and reliance should be presumed, such a "fraud on the market" claim does not apply in product liability law. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1369 n.39 (11th Cir. 1997).

when and how the fraud occurred); *Ziemba,* 256 F.3d 1194 (affirming dismissal of fraud claims and stating that plaintiffs are required to allege more than mere violations of applicable standards); *Brooks,* 116 F.3d at 1381- 82 (affirming dismissal of fraud claims because Amended Complaint did not "set forth the time, place, and matter in which any specific predicate act occurred"); *In re Coca-Cola Enters. Inc., ERISA Litig.,* 2007 WL 1810211, *7 (N.D. Ga. June 20, 2007) (dismissing fraud claims where complaint failed to allege when and how fraud occurred with specificity); *Jimmy Smith Racing Tires, Inc., v. Ashleman,* 2006 WL 2699127, *11 (N.D. Ga. Sept. 19, 2006) (dismissing fraud claim for failure to plead "the precise statements" allegedly made, the time and place of each statement, and what defendants obtained as a result of the alleged statements); *HLD Enters., Inc. v. Michelin N. Am., Inc.,* 2004 WL 2095739, *5 (N.D. Ga. Sept. 15, 2004) (dismissing fraud claims where plaintiffs "fail[ed] to allege what misrepresentations or omissions were made, much less any of the particulars . . . which will satisfy the requirements of Rule 9(b)); *Stinson,* 755 F. Supp. at 1056-57 (dismissing fraud claims for failure to plead with particularity).

For example, in *Bailey v. Janssen Pharmaceutica, Inc.,* 2006 WL 3665417, *6 (S.D. Fla. Nov. 14, 2006), the court dismissed plaintiff's

fraudulent misrepresentation claim, stating that allegations that defendant fraudulently misrepresented that its prescription drug product was safe were too vague to satisfy Rule 9(b)'s particularity requirement. The court noted that plaintiff "failed to state who made the alleged fraudulent misrepresentation, to whom the alleged misrepresentation was made, the substance of the fraudulent misrepresentation, or how the misrepresentation caused the damages alleged." *Id.* The court went on to note that plaintiff also failed "to allege how the alleged damages were causally related to the alleged fraud."

In this case, Plaintiff's failure to detail any of the specifics required by Eleventh Circuit precedent goes against the purposes underpinning Rule 9(b) and denies Harley-Davidson the notice and protections which Rule 9(b) was intended to provide. Harley-Davidson is unable to meaningfully prepare its defense in response to plaintiff's vague and conclusory allegations because it is uncertain what representations the plaintiff relied on, who made them, and when or where those representations were supposedly made. Furthermore, Plaintiff should not be permitted to rely upon the conclusory allegations as a basis for serving irrelevant, harassing and burdensome discovery requests. Accordingly, Harley-Davidson respectfully requests that Count 11 of the

Complaint be dismissed.

III.  There is no claim for relief based upon an
      alleged failure to recall a product

In paragraph 80 of the Complaint, Plaintiff alleges that Harley-Davidson "failed to recall or warn of the dangerous propensities of the Dunlop D402 and 2007 FLHTCU Ultra Classic combination after it knew, or should have known, [sic] that heavy riders were unknowingly riding with overloaded motorcycles." Doc 1 at ¶ 80. To the extent, Plaintiff seeks to impose liability upon Harley-Davidson for failure to recall the subject motorcycle or the tire, this claim should be dismissed as a matter of law. Georgia does not recognize a cause of action for failure to recall. Indeed, there is no legal authority in the state of Georgia that imposes upon manufacturers a post-sale duty to recall or retrofit a product.

Not only is there a complete absence of authority imposing a duty to recall under Georgia law, the idea runs contrary to Georgia's well-settled rule that a manufacturer or seller is not an insurer of its products. *See Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 675 (Ga. 1994); *Bunch v. Maytag Corp.*, 439 S.E.2d 676, 677 (Ga. Ct. App. 1993). The consequences of imposing upon manufacturers an extra-statutory duty to recall and retrofit used products to incorporate post-sale state of the art designs would be the

equivalent of mandating that manufacturers insure that their products will always comply with current safety standards. This is something that Georgia courts have simply been unwilling to do.

The majority of courts that have addressed this issue have held that there is no duty to recall a product which is discovered to be defective after its initial sale. *See Horstmyer v. Black & Decker (U.S.), Inc.*, 151 F.3d 765 (8th Cir. 1998) (no duty to recall under Missouri law); *Burke v. Deere & Co.*, 6 F.3d 497 (8th Cir. 1993) (no independent duty to retrofit or recall under Iowa law); *Romero v. International Harvester Co.*, 979 F.2d 1444 (10th Cir. 1992) (no duty to recall or retrofit under Colorado law); *Baker v. Firestone Tire & Rubber Co.*, 793 F.2d 1196, 1200 (11th Cir. 1986) (duty to recall in Florida is "non-existent"); *McDaniel v. Bieffe USA, Inc.*, 35 F. Supp. 2d 735 (D. Minn. 1999) (no duty under Minnesota law); *Tabieros v. Clark Equip. Co.*, 944 P.2d 1279, 1298 (Haw. 1997) (declining to find duty to recall under Hawaii law and noting that "[v]irtually every court" has done the same); *Modelski v. Navistar International Transportation Corp.*, 707 N.E.2d 239 (Ill. App. Ct. 1999) (no duty to recall or retrofit under Illinois law); *Patton v. Hutchinson Wil-Rich Mfg. Co.*, 861 P.2d 1299 (Kan. 1993) (under Kansas law, manufacturer has no post sale duty to retrofit or recall

product); *Ray v. Rheem Textile Systems, Inc.*, 2002 WL 433157, 6 (Mich. Ct. App. 2002) (finding that "the law is clear that no post manufacture duty to repair, retrofit, or recall is recognized in [Michigan]").

As there is no Georgia authority permitting a claim for relief based upon "failure to recall" because any such claim would run counter to Georgia's well-established rules regarding manufacturer liability, any claim against Harley-Davidson based upon a failure to recall should be dismissed as a matter of law and any allegations regarding such alleged failure should be stricken.

## CONCLUSION

For the reasons set forth above, Defendant Harley Davidson respectfully requests that its Motion to Dismiss Plaintiff's Complaint be GRANTED.

Respectfully submitted this 10th day of August, 2009

> /s/ Brannon J. Arnold
> Jonathan T. Krawcheck, Esq.
> Georgia Bar No. 429320
> Brannon J. Arnold, Esq.
> Georgia Bar No. 218034
> Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
> 950 East Paces Ferry Road NE
> Suite 3000
> Atlanta, GA 30326

Ernest H, Eubanks, Esq.
*(admitted pro hac vice)*
Steven I. Klein, Esq.
*(admitted pro hac vice)*
Rumberger, Kirk & Caldwell, P.A.
P.O. Box 1873
Orlando, FL 32802

*Attorneys for Harley-Davidson Motor*
*Company Group, LLC*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STEVEN MORRIS, individually,
and STEVEN MORRIS as Surviving
Spouse of PATRICIA MORRIS,
deceased, and STEVEN MORRIS as
the Administrator of the Estate of
PATRICIA MORRIS,

        Plaintiff,

vs.

                           CIVIL ACTION
                           FILE NO.: 3:09-cv-74(CDL)

HARLEY DAVIDSON MOTOR
COMPANY and GOODYEAR
DUNLOP TIRES NORTH
AMERICA, LTD.,

        Defendants.

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2009, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following attorneys:

        Michael J. Warshauer, Esq.
        Douglas C. Dumont, Esq.
        Warshauer Poe & Thornton, P.C.
        3350 Riverwood Parkway
        Suite 2000
        Atlanta, GA  30339

Alfred B. Adams, III, Esq.
John M. Hamrick, Esq.
Holland & Knight, LLP
1201 West Peachtree Street, N.E.
Suite 2000, One Atlantic Center
Atlanta, GA  30309-3453

Respectfully submitted this 10th day of August, 2009

_____/s/ Brannon J. Arnold_____
Jonathan T. Krawcheck, Esq.
Georgia Bar No. 429320
Brannon J. Arnold, Esq.
Georgia Bar No. 218034
Weinberg,  Wheeler,  Hudgins,  Gunn
& Dial, LLC
950 East Paces Ferry Road NE
Suite 3000
Atlanta, GA  30326

Ernest H, Eubanks, Esq.
*(admitted pro hac vice)*
Steven I. Klein, Esq.
*(admitted pro hac vice)*
Rumberger, Kirk & Caldwell, P.A.
P.O. Box 1873
Orlando, FL 32802

*Attorneys for Harley-Davidson Motor
Company Group, LLC*