IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEVEN MORRIS, individually, and STEVEN MORRIS as Surviving Spouse of PATRICIA MORRIS, deceased, and as the Administrator of the Estate of PATRICIA MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY DAVIDSON MOTOR COMPANY and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO. 3:09-CV-74-CDL |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Steven Morris, Plaintiff in this action, and files this First Amended Complaint for Damages, deleting his fraud allegations prior to the filing of an Answer or Motion for Summary Judgment by Harley-Davidson Motor Company, and with the written consent of Goodyear Dunlop Tires North America, Ltd., as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Steven Morris is a citizen and resident of the State of Georgia and resides in Cumming, Georgia.

1

2.

Plaintiff Steven Morris is the Surviving Spouse of Patricia Morris, deceased. Steven and Patricia were residents of Florida at the time of Patricia's death, and Steven Morris has been duly appointed as the Administrator of the Estate of Patricia Morris by the Probate Court of Lee County, Florida.

3.

Defendant Harley Davidson Motor Company ("Harley") is a Wisconsin corporation with its principal place of business and offices located at 3700 W Juneau Avenue, Milwaukee, WI. Harley is subject to the jurisdiction of this Court and may be served as allowed by law.

4.

Defendant Goodyear Dunlop Tires North America, Ltd. ("Dunlop") is an Ohio corporation with its principal place of business and offices located at 1144 East Market Street, Akron, OH 44316. Dunlop is subject to the jurisdiction of this Court and may be served as allowed by law.

5.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

6.

On May 13, 2008, Plaintiff was operating a 2007 FLHTCU Ultra Classic motorcycle that was designed and manufactured by Defendant Harley.

7.

Defendant Harley chose the component parts for the Ultra Classic, including the tires.

8.

Defendant Dunlop designed, manufactured, sold, and supplied the tires for the FLHTCU Ultra Classic motorcycle manufactured by Defendant Harley in 2007.

9.

In 2007, the Dunlop D402 was the only tire approved by Defendant Harley as an OEM replacement tire.

10.

The Ultra Classic is a touring motorcycle, commonly referred to as a "two up" bike, with two large seats designed to carry two riders.

11.

On or about March 6, 2007, Plaintiff purchased an Ultra Classic motorcycle designed and manufactured by Defendant Harley in 2007 (Vin #1HD1FC4157Y677627) equipped with Dunlop D402 tires.

12.

On or about November 4, 2007, Plaintiff purchased a replacement Dunlop D402 rear tire MU85B16 (hereinafter the "Subject Tire"), which was built at Defendant Dunlop's Tonawanda, NY, plant during the 36th week of the year 2007.

13.

On May 13, 2008, Plaintiff was operating the Ultra Classic motorcycle with Patricia Morris as his passenger with appropriate cargo for touring, and in a manner that was foreseeable and expected by Defendants, when the Subject Tire experienced a sudden and catastrophic deflation resulting in loss of control of the motorcycle at highway speeds on Interstate 20 in Morgan County, Georgia.

14.

As a result of the incident described in paragraph 13 above, Plaintiff was injured and his wife, Patricia Morris, was killed.

# COUNT ONE – STRICT PRODUCTS LIABILITY
# AGAINST DEFENDANT HARLEY

15.

Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 14 above as if they were fully restated verbatim herein.

16.

The 2007 FLHTCU Ultra Classic as designed, marketed, and sold by Harley was incapable of being safely used with the tires specified by Harley and the foreseeable loads of a touring motorcycle.

17.

The 2007 FLHTCU Ultra Classic was defective at the time it was sold by Harley or at the time it left Defendant Harley's control.

18.

The 2007 FLHTCU Ultra Classic was expected to and did reach the user without substantial change in the condition in which it was sold.

19.

The 2007 FLHTCU Ultra Classic was defective in its design, manufacture, warnings and/or instructions because:

(a) it failed to include necessary warnings and instructions to warn Steven Morris, when carrying a foreseeable passenger, cargo, parts and appurtenances, that the rear tire was losing air and creating a dangerous and hazardous situation that

required immediate reaction to avoid a catastrophic failure of the tire and loss of control of the motorcycle;

(b) the Dunlop D402 tires specified for use on the 2007 FLHTCU Ultra Classic were not sufficiently robust to carry expected and foreseeable passenger and cargo loads; and,

(c) it failed to include necessary warnings and instructions to warn Steven Morris, when carrying a foreseeable passenger, cargo, parts and appurtenances, that the rear tire was overloaded creating a dangerous and hazardous situation that contributed to the cause of a catastrophic failure of the tire and loss of control of the motorcycle.

As such, the motorcycle was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product.

20.

As a direct and proximate result of the defects in the 2007 Ultra Classic, Defendant Harley is strictly liable, and Plaintiff Steven Morris suffered injuries and damages, including medical expenses, lost income, and mental and physical pain and suffering. These injuries are permanent, and, in the future, Plaintiff will suffer medical and other necessary expenses, loss of earning capacity, and mental and physical pain and suffering.

21.

As a direct and proximate result of the defects in the 2007 Ultra Classic, Defendant Harley is strictly liable, and Patricia Morris, through her surviving spouse and the Administrator of her Estate, Plaintiff Steve Morris, is entitled to recover compensatory damages from Defendants for the full value of the life of the decedent Patricia Morris, as well as for Patricia's pre-death fright, pain and suffering, and past medical and funeral expenses.

**COUNT TWO – STRICT PRODUCTS LIABILITY**
**AGAINST DEFENDANT DUNLOP**

22.

Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 14 above as if they were fully restated verbatim herein.

23.

The Dunlop D402 Tire as designed, marketed, and sold by Dunlop was incapable of being safely used on the 2007 Ultra Classic with the foreseeable loads of a touring motorcycle.

24.

The Dunlop D402 Tire was defective at the time it was sold by Dunlop or at the time it left Defendant Dunlop's control.

25.

The Dunlop D402 Tire was expected to and did reach the user without substantial change in the condition in which it was sold.

26.

The Dunlop D402 Tire was defective in its design and manufacture and warnings and instructions because:

(a)　it was defective in its manufacture and therefore incapable of holding air because of excessive mold flashing at the bead that was exacerbated by the use of the tire with foreseeable expected loads of a touring bike at highway speeds; and,

(b)　the tire failed to include necessary warnings and instructions to warn a user how to determine when the tire was overloaded and unsafe, and was losing air and creating a dangerous and hazardous situation that required immediate reaction to avoid a catastrophic failure of the tire and loss of control of the motorcycle.

As such, the Subject Tire was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product.

27.

As a direct and proximate result of the defects in the D402 Tire, Defendant Dunlop is strictly liable, and Plaintiff Steven Morris suffered injuries and damages, including medical expenses, lost income, and mental and physical pain and suffering. These injuries are permanent, and, in the future, Plaintiff will suffer

medical and other necessary expenses, loss of earning capacity, and mental and physical pain and suffering.

28.

As a direct and proximate result of the defects in the D402 tire, Defendant Dunlop is strictly liable, and Patricia Morris, through her surviving spouse and the Administrator of her Estate, Plaintiff Steve Morris, is entitled to recover compensatory damages from Defendants for the full value of the life of the decedent Patricia Morris, as well as for Patricia's pre-death fright, pre-death pain and suffering, and past medical and funeral expenses.

## COUNT THREE – NEGLIGENCE
## AGAINST DEFENDANT HARLEY

29.

Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21 above as if they were fully restated verbatim herein.

30.

Defendant Harley was negligent in manufacturing the 2007 FLHTCU Ultra Classic by:

(a) failing to exercise reasonable care to design and manufacture the motorcycle to hold reasonably foreseeable loads of passengers and cargo;

(b) failing to specify tires that were sufficiently robust to support foreseeable loads of passengers and cargo;

(c) failing to include a warning system to advise users that the tires were overloaded;

(d) failing to include a warning system to advise users that the tires were underinflated; and,

(e) failing to take steps to discourage sales of the motorcycles to riders who were likely to overload the motorcycle during foreseeable use.

31.

As a direct and proximate result of Defendant Harley's negligence, Defendant Harley is liable to Plaintiff Steven Morris for his injuries and damages, including medical expenses, lost income, and mental and physical pain and suffering; as well as for the injuries and damages of Patricia Morris, including compensatory damages for the full value of the life of the decedent Patricia Morris, and her pre-death fright, pre-death pain and suffering, and past medical and funeral expenses.

## COUNT FOUR – NEGLIGENCE AGAINST DUNLOP

32.

Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 14 and 22 through 28 above as if they were fully restated verbatim herein.

33.

Defendant Dunlop was negligent in manufacturing and selling the D402 tire specified for use on 2007 FLHTCU Ultra Classic by:

(a) failing to exercise reasonable care to design and manufacture the tire to hold reasonably foreseeable loads of passengers and cargo;

(b) failing to take steps to discourage sales of the D402 tires to riders who were likely to overload the motorcycle during foreseeable use;

(c) manufacturing the D402 in a defective fashion; and,

(d) failing to discover the defect in the D402 and preventing its ultimate use on Plaintiff's motorcycle.

34.

As a direct and proximate result of Defendant Dunlop's negligence, Defendant Dunlop is liable to Plaintiff Steven Morris for his injuries and damages, including medical expenses, lost income, and mental and physical pain and suffering; as well as for the injuries and damages of Patricia Morris, including compensatory damages for the full value of the life of the decedent Patricia Morris, and her pre-death fright, pre-death pain and suffering, and past medical and funeral expenses.

# COUNT FIVE – PUNITIVE DAMAGES
# AGAINST HARLEY

35.

Plaintiff, repeats, realleges and incorporates by reference paragraphs 1 through 21 and 29 through 31 above as if they were fully restated verbatim herein.

36.

Defendant Harley's conduct in knowingly designing and selling the 2007 FLHTCU Ultra Classic so that it was unfit for use by reasonably expected large riders and passengers, specifying tires that were inadequate to support foreseeable loads, and failing to provide adequate warnings and instructions, refusal to include warning devices that would have warned Plaintiff of tire pressure problems, encouraging sales of its product to users such as Plaintiff who were likely to unknowingly exceed the load carrying capacity of the motorcycle, and failure to recall or warn of the dangerous propensities of the 2007 FLHTCU Ultra Classic and D402 Tires combination after it knew or should have known of the defects and dangers, exhibits an entire lack of care and a conscious disregard for the safety of humans who use Defendant's products.

37.

As a direct and proximate result of Defendant Harley's wrongful conduct, Plaintiff is entitled to judgment against Defendant Harley for exemplary damages to deter similar conduct in the future and to punish Defendant for its wrongful acts, in an amount to be determined by the enlightened conscience of the finder of fact.

**COUNT SIX – PUNITIVE DAMAGES**
**AGAINST DEFENDANT DUNLOP**

38.

Plaintiff, repeats, realleges and incorporates by reference paragraphs 1 through 14 and 22 through 28 and 32 through 34 above as if they were fully restated verbatim herein.

39.

Defendant Dunlop's conduct in knowingly designing and selling the D402 tire for use on the 2007 FLHTCU Ultra Classic with the knowledge that it was unfit for use by reasonably expected large riders and passengers, and encouraging sales of its product to users such as Plaintiff who were likely to unknowingly exceed the load carrying capacity of the motorcycle and tire combination, and failure to recall or warn of the dangerous propensities of the D402 tire when used on the 2007 FLHTCU Ultra Classic after it knew or should have known of the defects and dangers, and failure to manufacture the D402 tire free of defects, and failure to

exercise reasonable care to discover the defect, exhibits an entire lack of care and a conscious disregard for the safety of humans who use Defendant's products.

40.

As a direct and proximate result of Defendant Dunlop's wrongful conduct, Plaintiff is entitled to judgment against Defendant Dunlop for exemplary damages to deter similar conduct in the future and to punish Defendant for its wrongful acts, in an amount to be determined by the enlightened conscience of the finder of fact.

**WHEREFORE**, Plaintiff prays that summons issue, that Defendants be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiff be awarded judgment in Plaintiff's favor and against Defendants as follows:

(a) Under Counts One and Two, that Plaintiff be awarded damages against Defendants, jointly and severally, for compensatory damages in an amount to be proven at trial;

(b) Under Counts Three and Four, that Plaintiff be awarded damages against Defendants, jointly and severally, for compensatory damages in an amount to be proven at trial;

(c) Under Count Five and Six, that punitive damages be imposed against Defendants, jointly and severally, and that Plaintiff be awarded damages in an amount sufficient to punish and deter;

(d) That the cost of this action be levied against Defendants; and,

(e) That Plaintiff be awarded such other and further relief as this Court deems just and proper.

This 31st day of August, 2009.

Respectfully submitted,
WARSHAUER POE & THORNTON, P.C.

By: /s/ Michael J. Warshauer
Michael J. Warshauer
Georgia Bar No. 018720
Douglas C. Dumont
Georgia Bar No. 232680

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 Fax
mjw@warpoe.com
dcd@warpoe.com

# CERTIFICATE OF SERVICE

Pursuant to Local Rules, Middle District of Georgia, I hereby certify that I have served a copy of **First Amended Complaint for Damages** with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

Johnathan T. Krawcheck, Esq.
Brannon J. Arnold, Esq.
Weinberg Wheeler Hudgins Gunn & Dial LLC
950 E. Paces Ferry Rd., Suite 3000
Atlanta, GA 30326

Ernest H. Eubanks, Esq.
Steven I. Klein, Esq.
Rumberger, Kirk & Caldwell, P.A.
PO Box 1873
Orlando, FL 32802

Alfred B. Adams, III, Esq.
John M. Hamrick, Esq.
Holland & Knight, LLP
1201 West Peachtree Street, NE
Suite 2000, One Atlantic Center
Atlanta, GA 30309

This 31st day of August, 2009.

By: /s/ Michael J. Warshauer

WARSHAUER POE & THORNTON, P.C.
3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900