# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| STEVEN MORRIS, individually, and STEVEN MORRIS as Surviving Spouse of PATRICIA MORRIS, deceased, and STEVEN MORRIS as the Administrator of the Estate of PATRICIA MORRIS, | ) ) ) ) ) ) | CIVIL ACTION FILE |
| Plaintiff, | ) ) | NO. 3:09-cv-74 (CDL) |
| v. | ) ) | |
| HARLEY DAVIDSON MOTOR COMPANY, and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., | ) ) ) ) | |
| Defendants. | ) | |

## ANSWER OF GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD. TO FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Defendant Goodyear Dunlop Tires North America, Ltd. ("Goodyear Dunlop"), and files this its answer to the first amended complaint of Steven Morris, individually, and Steven Morris as surviving spouse of Patricia Morris, deceased, and Steven Morris as the administrator of the estate of Patricia Morris, plaintiff in the above-entitled action ("Plaintiff") as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim against defendant Goodyear Dunlop, and thus Plaintiff's Amended Complaint should be dismissed as to defendant Goodyear Dunlop.

## SECOND DEFENSE

The proximate cause of the injuries sustained by plaintiff Steven Morris were the acts or omissions of persons, firms or corporations other than defendant Goodyear Dunlop, for whom defendant Goodyear Dunlop has no legal responsibility.

## THIRD DEFENSE

The cause of the accident in suit is or may be the misuse of the Subject Tire and thus defendant Goodyear Dunlop is not liable to Plaintiff.

## FOURTH DEFENSE

Plaintiff was guilty of negligence which was equal to or greater than any negligence which Plaintiff claims defendant Goodyear Dunlop to have been guilty of, with the result that Plaintiff is not entitled to recover in this action.

## FIFTH DEFENSE

While defendant Goodyear Dunlop was not negligent in any respect, nevertheless, Plaintiff was not in the exercise of ordinary care for his own safety at

the time in question with the result that Plaintiff is not entitled to recover in this action.

## SIXTH DEFENSE

While defendant Goodyear Dunlop was not negligent in any respect, nevertheless, Plaintiff, by the exercise of ordinary care, could have avoided the consequences of the negligence which is alleged against defendant Goodyear Dunlop with the result that Plaintiff is not entitled to recover in this case.

## SEVENTH DEFENSE

Defendant Goodyear Dunlop is not indebted to the Plaintiff in the sum sued for nor in any sum whatsoever.

## EIGHTH DEFENSE

An award of punitive damages against defendant Goodyear Dunlop in this case would violate this defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraph I of the Constitution of the State of Georgia of 1983.

## NINTH DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against defendant Goodyear Dunlop would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States

Constitution and by Article I, Section I, Paragraph I of the Constitution of Georgia of 1983 because (1) such an award is subject to no predetermined amount, such as a maximum multiple of compensatory damages or a maximum amount; (2) the standard of law does not provide for sufficient clarity for determining the appropriateness and the approximate size of the punitive damage award; (3) the jury is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (4) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, status and identity of the defendant; (5) the jury is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (6) the award of punitive damages is not subject to trial court and appellate judicial review for reasonableness and for the furtherance of the legitimate purposes of such damages on the basis of objective standards; (7) the award of punitive damages in this action would have an impermissible extraterritorial effect; (8) defendant Goodyear Dunlop had no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty of

punitive damages for the conduct alleged by plaintiffs in this case, which lack of notice was compounded by absence of any adequate or meaningful standards as to the kind of conduct that might subject defendant to punitive damages or as to the potential amount of such an award; (9) an award of punitive damages does not give cognizance to the comparability of the award to awards in other, similar cases; (10) an award of punitive damages does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiff; and (11) no provision of applicable law or the applicable punitive damages scheme provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

### TENTH DEFENSE

The applicable punitive damage law violates the equal protection provisions of the Constitution of the United States, the Constitution of the State of Georgia of 1983, Article I, Section I, Paragraph II, with the result that the entirety of such law concerning punitive damages is void as unconstitutional.

## ELEVENTH DEFENSE

The applicable punitive damages law violates the prohibition on the taking by the government of private property for public use without just compensation as set forth in the Fifth Amendment of the Constitution of the United States and made applicable to the States through the Fourteenth Amendment to the Constitution of the United States, with the result that the entirety of such law concerning punitive damages is void as unconstitutional.

## TWELFTH DEFENSE

An imposition of punitive damages against defendant in this case would violate the prohibition against excessive fines of the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia of 1983.

## THIRTEENTH DEFENSE

Insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under applicable law for conduct in other states, the award violates: (a) defendant's rights to due process under the Fourteenth Amendment of the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia of 1983; (b) the dormant or negative commerce clause derived from Article I, Section 8, Clause 3 of the United States

Constitution; (c) the Full Faith and Credit Clause of Article IV, Section 1 of the United States Constitution; and (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the notion that a state has no legitimate concern in imposing punitive damages to punish a defendant for acts committed outside of the state's jurisdiction, as stated in <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S. Ct. 1513 (2003), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S. Ct. 1678 (2001), <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996), <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1 (1990), and <u>Matthews v. Eldridge</u>, 424 U.S. 319 (1976).

## FOURTEENTH DEFENSE

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff is awarded, such punitive damages may not greatly exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this defendant's due process rights guaranteed by the United States Constitution and by Article I, Section I, Paragraph I of the Constitution of Georgia of 1983 as applied in <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 123 S. Ct. 1513 (2003), <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S. Ct. 1678 (2001), <u>BMW of North America, Inc. v.</u>

Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990 ), and Matthews v. Eldridge, 424 U.S. 319 (1976).

### FIFTEENTH DEFENSE

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff is awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this defendant's due process rights guaranteed by the United States Constitution as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 0.424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

### SIXTEENTH DEFENSE

While defendant Goodyear Dunlop was not negligent in any respect, nevertheless, Plaintiff assumed the risk of injury at the time in question with the result that Plaintiff is not entitled to recover in this action.

### SEVENTEENTH DEFENSE

Plaintiff's allegations of joint and several liability are precluded by Georgia law.

# EIGHTEENTH DEFENSE

Subject to the foregoing defenses and without waiving same, defendant Goodyear Dunlop responds to the individually numbered paragraphs of the Plaintiff's Amended Complaint as follows:

## Parties and Jurisdiction

1.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.

Goodyear Dunlop denies the allegations in the first sentence of paragraph 4 of Plaintiff's Amended Complaint. The remaining allegations of paragraph 4 are admitted.

5.

Goodyear Dunlop admits the allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

**Alleged Factual Background**

6.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.

Responding to paragraph 7 of Plaintiff's Amended Complaint, Goodyear Dunlop admits Harley chose the tires for the Ultra Classic. Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8.

Responding to the allegations contained in paragraph 8 of Plaintiff's Amended Complaint, Goodyear Dunlop admits that it designed, manufactured and

supplied original and replacement tires for the 2007 FLHTCU Ultra Classic. Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint.

10.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

## COUNT ONE

15.

In response to paragraph 15 of Plaintiff's Amended Complaint, Goodyear Dunlop incorporates its responses to paragraphs 1 through 14 of Plaintiff's Amended Complaint as if fully set forth herein.

16.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint. Responding further, this paragraph is denied to the extent it is construed as setting forth an allegation against Goodyear Dunlop.

17.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint. Responding further, this paragraph is denied to the extent it is construed as setting forth an allegation against Goodyear Dunlop.

18.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19.

Goodyear Dunlop denies the allegations as stated in paragraph 19 of Plaintiff's Amended Complaint.

20.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Amended Complaint. Responding further, this paragraph is denied to the extent it is construed as setting forth an allegation against Goodyear Dunlop.

21.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of Plaintiff's

Amended Complaint. Responding further, this paragraph is denied to the extent it is construed as setting forth an allegation against Goodyear Dunlop.

COUNT TWO

22.

In response to paragraph 22 of Plaintiff's Amended Complaint, Goodyear Dunlop incorporates its responses to paragraphs 1 through 14 of Plaintiff's Amended Complaint as if fully set forth herein.

23.

Goodyear Dunlop denies the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24.

Goodyear Dunlop denies the allegations as contained paragraph 24 of Plaintiff's Amended Complaint.

25.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiff's Amended Complaint.

26.

Goodyear Dunlop denies the allegations as contained paragraph 26 of Plaintiff's Amended Complaint.

27.

Goodyear Dunlop denies the allegations as stated in paragraph 27 of Plaintiff's Amended Complaint.

28.

Goodyear Dunlop denies the allegations as stated in paragraph 28 of Plaintiff's Amended Complaint.

COUNT THREE

29.

In response to paragraph 29 of Plaintiff's Amended Complaint, Goodyear Dunlop incorporates its responses to paragraphs 1 through 21 of Plaintiff's Amended Complaint as if fully set forth herein.

30.

Goodyear Dunlop denies the allegations as stated in subparagraphs 30(a) and (b) of Plaintiff's Amended Complaint. Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in subparagraphs 30 (c), (d), and (e) of Plaintiff's Amended Complaint. Responding further, this paragraph is denied to the extent it is construed as setting forth an allegation against Goodyear Dunlop.

31.

Goodyear Dunlop denies the allegations as stated in paragraph 31 of Plaintiff's Amended Complaint.

COUNT FOUR

32.

In response to paragraph 32 of Plaintiff's Amended Complaint, Goodyear Dunlop incorporates its responses to paragraphs 1 through 14 and 22 through 28 of Plaintiff's Amended Complaint as if fully set forth herein.

33.

Goodyear Dunlop denies the allegations as stated in paragraph 33 of Plaintiff's Amended Complaint.

34.

Goodyear Dunlop denies the allegations as stated in paragraph 34 of Plaintiff's Amended Complaint.

COUNT FIVE

35.

In response to paragraph 35 of Plaintiff's Amended Complaint, Goodyear Dunlop incorporates its responses to paragraphs 1 through 21 and 29 through 31 of Plaintiff's Amended Complaint as if fully set forth herein.

36.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Amended Complaint. Responding further, this paragraph is denied to the extent it is construed as setting forth an allegation against Goodyear Dunlop.

37.

Goodyear Dunlop is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Amended Complaint. Responding further, this paragraph is denied to the extent it is construed as setting forth an allegation against Goodyear Dunlop.

COUNT SIX

38.

In response to paragraph 38 of Plaintiff's Amended Complaint, Goodyear Dunlop incorporates its responses to paragraphs 1 through 14, paragraphs 22 through 28, and paragraphs 32 through 34 of Plaintiff's Amended Complaint as if fully set forth herein.

39.

Goodyear Dunlop denies the allegations as stated in paragraph 39 of Plaintiff's Amended Complaint.

40.

Goodyear Dunlop denies the allegations as stated in paragraph 40 of Plaintiff's Amended Complaint.

41.

All other remaining allegations of Plaintiff's Amended Complaint are denied, including all prayers for relief asserted by Plaintiff.

WHEREFORE, Defendant Goodyear Dunlop Tires North America, Ltd., having fully answered, prays that it be henceforth discharged and relieved of all costs of court in this action, and demands that any triable claims be heard by a jury.

Respectfully submitted this 11th day of September, 2009.

HOLLAND & KNIGHT LLP

*/s/ John M. Hamrick*
Alfred B. Adams III
Georgia Bar No. 002300
John M. Hamrick
Georgia Bar No. 322079

Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3453
Phone: 404.817.8500
Fax: 404.881.0470
al.adams@hklaw.com
john.hamrick@hklaw.com

*Counsel for Defendant Goodyear Dunlop Tires North America, Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed with the Clerk of Court the **Answer of Goodyear Dunlop Tires North America, Ltd. to First Amended Complaint for Damages** using the CM/ECF system, which will forward a copy to all parties of record as follows:

mjw@warpoe.com
dcd@warpoe.com
jkrawcheck@wwhgd.com
barnold@wwhgd.com

This 11th day of September, 2009.

                                            */s/ John M. Hamrick*
                                            John M. Hamrick
                                            Georgia Bar No. 322079
                                            *Counsel for Defendant Goodyear Dunlop Tires North America, Ltd.*

HOLLAND & KNIGHT LLP
Suite 2000, One Atlantic Center
1201 West Peachtree Street, N.E.
Atlanta, Georgia 30309-3453
Phone: 404.817.8500
Fax: 404.881.0470
al.adams@hklaw.com
john.hamrick@hklaw.com

# 8821208_v1