IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEVEN MORRIS, individually, and STEVEN MORRIS as Surviving Spouse of PATRICIA MORRIS, deceased, and STEVEN MORRIS as the Administrator of the Estate of PATRICIA MORRIS, <br><br> Plaintiff, <br><br> v. <br><br> HARLEY DAVIDSON MOTOR COMPANY, and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 3:09-CV-74-CDL |

## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT GOODYEAR

In compliance with FED. R. CIV. P. RULE 36 Defendant is required to admit the truth of the separately listed matters of fact and the genuineness of any attached documents on the 30th day after service of this request. As required by statute, Defendant is required to respond to this request in writing.

Defendant is specifically reminded that the separately listed statements of facts are deemed admitted unless, within 30 days after service of this First

Request For Admissions to Defendant, Defendant serves a written answer or objection addressed to each fact.

Dunlop and Goodyear refer to the same entity unless otherwise stated in the request.

The term **"Incident"** is defined to mean the May 13, 2008, event in which Plaintiffs were injured when the rear tire on their 2007 HD Ultra Classic catastrophically failed causing a wreck.

The term **"Plaintiff's Motorcycle"** is defined to mean the 2007 Harley Davison Ultra Classic, VIN#1HD1FC4157Y677627.

The term **"Similar Motorcycle"** is defined to mean **any touring motorcycle** manufactured by you that uses the same frame, swing arm, and rear tire (Dunlop D-402) as the **Plaintiff's Motorcycle, including, but not limited to, the Plaintiff's Motorcycle,** manufactured by you from the model year 2003 to the present.

The term "**Plaintiff's Tire**" is the Dunlop D-402 MU85-B16, DOT# DA F4 M18M 3607 tire that was on **Plaintiff's Motorcycle** at the time of the **Incident**.

The term "**Similar Tire**" is any Dunlop D-402 tire of the model, size, load index, and design that is similar to the **Plaintiff's Tire** that was on **Plaintiff's Motorcycle** at the time of the **Incident**.

The term "**HD**" refers to Defendant Harley-Davidson.:

The term "**approved**" shall be defined as being established by authority or given authoritative approval.

Plaintiff incorporates by reference all definitions contained in his First Interrogatories to Defendant Goodyear.

## ADMISSIONS

1.

Defendant Goodyear was responsible for the contents of any warnings for the **Plaintiff's Tire**.

2.

Defendant Goodyear is in the business of designing tires including the **Plaintiff's Tire.**

3.

Defendant Goodyear was solely responsible for determining the design specifications for **Plaintiff's Tire**.

4.

Defendant Goodyear believes that safe use of its tire products demands that they not be loaded above the tire load index.

5.

The **Plaintiff's Tire** was a proper replacement tire for **Plaintiff's Motorcycle.**

3

6.

Defendant Goodyear knew that the Dunlop D-402 tire was being used on Harley-Davidson Ultra Classic motorcycles with loads that exceeded the rated load index of the tire before the **Plaintiff's Tire** was sold to Defendant HD.

7.

At the date of manufacture of the **Plaintiff's Tire**, it was foreseeable to Defendant Goodyear that the Dunlop D-402 tire was being used on Harley-Davidson Ultra Classic motorcycles with loads that exceeded the rated load index of the tire.

8.

Prior to the **Incident**, Defendant Goodyear informed HD that it was aware from field studies at motorcycle rallies that users of HD touring motorcycles with Dunlop tires were being used to carry loads that exceeded the load index of the fitted tires.

9.

Prior to the **Incident**, Defendant Goodyear informed HD that it was of the belief that the tires it was supplying for use on HD touring motorcycles were not adequate for the loads it had discovered, from field studies at motorcycle rallies, to carry the loads being placed on the motorcycles by some users.

10.

After being made aware, prior to the **Incident**, that field studies at motorcycle rallies showed that users of HD touring motorcycles with Dunlop tires were being used to carry loads that exceeded the load index of the fitted tires, HD did not ask Dunlop to design a tire with higher load index that would fit on **Similar Motorcycles**.

11.

Defendant HD advised Dunlop that one of the reasons for the design changes from **Similar Motorcycles** to the 2009 iteration was to increase the load capacity of the motorcycles by allowing for a larger rear tire.

12.

Prior to the **Incident**, had HD requested it to do so, Dunlop could have designed and manufactured a tire with a higher load index that would have worked with **Similar Motorcycles** .

13.

Prior to the **Incident**, Defendant Goodyear has had communication with other entities specifically addressing the subject of the D-402 being overloaded by motorcycle riders.

14.

Defendant Goodyear began collecting data specifically addressing motorcycle tires being overloaded and/or underinflated by riders as early as 1984 at various motorcycle events.

15.

As of the date of manufacture of **Plaintiff's Tire**, Defendant Goodyear could reasonably foresee that the **Plaintiff's Tire** would be subjected to loads that exceeded the load index.

16.

Defendant Goodyear is aware of more than one instance where a Dunlop D-402 tire has catastrophically deflated while at road speeds without any outside trauma known to have caused the deflation.

17.

Defendant Goodyear was aware that riders were exceeding the useable weight limits of motorcycles like or substantially similar to the **Plaintiff's Motorcycle** at the time **Plaintiff's Tire** was manufactured.

18.

Defendant does not know the cause of the failure of **Plaintiff's Tire**.

19.

Tire delamination can result from excessive heat.

20.

Excessive heat causes the rubber in the tire to breakdown.

21.

Overloading a tire causes excessive heat to build up in a tire.

22.

The use of wireless tire pressure monitoring system technology would not adversely affect the utility of **Similar Tires**.

23.

The D-402 tire was designed for use on touring motorcycles.

24.

The use of wireless tire temperature monitoring system technology would not adversely affect the utility of **Similar Tires**.

25.

At all relevant times, HD controlled the specifications of the Dunlop D-402 tire for use on motorcycles like or substantially similar to the bike.

26.

HD requested specific load limits from Dunlop for tires used on **Similar Motorcycles.**

27.

Defendant Goodyear has received communication(s) and/or notification(s) from HD that the D-402 tire did not have a high enough load limit for use on **Similar Motorcycles**.

28.

The Dunlop D-402 was the only "approved" OEM replacement tire for **Plaintiff's Motorcycle**.

29.

Model years 2002-2008 of the HD touring models made by Defendant Harley are substantially similar to each other in regards to the rear tire, rear wheel, rear suspension geometry, load capacity and intended use.

30.

Had HD requested, you could have designed and manufactured a tire that would have fit the same size wheel as the D-402 tire but with a higher load index that could have been safely used on **Similar Motorcycles**.

31.

Plaintiff's Tire was manufactured at the Buffalo/Tonawanda plant during the 36th week of 2007.

32.

Defendant HD sent you a Request for Proposal or similar document in which it requested proposals for tires, to be used on **Similar Motorcycles**, with a higher load index than the D-402.

This 11th day of November, 2009.

        Respectfully submitted
        WARSHAUER POE, P.C.

        By:_____
        Michael J. Warshauer
        Georgia Bar No. 018720
        Douglas C. Dumont
        Georgia Bar No. 232680
        Attorneys for Plaintiff

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900

# CERTIFICATE OF SERVICE

Pursuant to Local Rules, Middle District of Georgia, I hereby certify that I have served a copy of the foregoing via U.S. Mail with adequate postage affixed thereon to the following attorneys of record:

    Johnathan T. Krawcheck, Esq.
    Brannon J. Arnold, Esq.
    Weinberg Wheeler Hudgins Gunn & Dial LLC
    950 E. Paces Ferry Road, Suite 3000
    Atlanta, GA 30326

    Ernest H. Eubanks, Esq.
    Steven I. Klein, Esq.
    Rumberger, Kirk & Caldwell, P.A.
    P.O. Box 1873
    Orlando, FL 32802

    Alfred B. Adams, III, Esq.
    John M. Hamrick, Esq.
    Holland & Knight LLP
    1201 West Peachtree Street, NE
    Suite 2000, One Atlantic Center
    Atlanta, GA 30309

    This 11th day of November, 2009.

By:_____

WARSHAUER POE, P.C.
3350 Riverwood Parkway, Suite 2000
Atlanta, GA 30339
(404) 892-4900