IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEVEN MORRIS, individually, and STEVEN MORRIS as Surviving Spouse of PATRICIA MORRIS, deceased, and STEVEN MORRIS as the Administrator of the Estate of PATRICIA MORRIS, <br><br> Plaintiff, <br><br> v. <br><br> HARLEY DAVIDSON MOTOR COMPANY, and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD., <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 3:09-CV-74-CDL |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT GOODYEAR

COMES NOW Plaintiff, by and through counsel, and requires Defendant to respond to the following written interrogatories pursuant to FED. R. CIV. P. RULE 33.

You are required to answer these interrogatories separately and fully, in writing, under oath, and to serve a copy of your answers to the attorney for the Plaintiffs 30 days after service.

1

Concerning any interrogatory that seeks information that can be ascertained from a reading of a particular writing, Defendant may attach a copy of said writing to its answers in lieu of answering that portion of any such interrogatory answerable by a reading of any such writing, providing Defendant identifies by number and letter the particular interrogatory to which the writing so produced relates.

All of the following interrogatories shall be continuing in nature until the day of trial, and Defendant is required to serve supplemental answers as additional information becomes available.

When used in these Interrogatories, the terms "Defendant Goodyear", "Defendant" and "you" "Dunlop" and any synonym or plural thereof and derivatives therefrom are intended to and shall embrace and include the above-named Goodyear Dunlop Tires North America, Ltd., and, in addition, counsel for Defendant Goodyear and all agents, masters, servants, associates, employees, representatives, private investigators, insurers and others who are or have been in possession of, or who may have obtained, information for or on your behalf.

As used herein, the word "person" shall mean an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any organization or entity.

As used herein, the word "date" shall mean the exact day, month and year, if ascertainable, or if not, the best available approximation (including relation to other events).

The term "document" as used hereinafter includes, but is not limited to, all written, printed, recorded, or typed records, reports, proposals, drafts, papers, contracts, documents, books, letters, statements of witnesses, statements of persons who were not witnesses but who have information relating to the Incident which is the subject matter of this lawsuit, notes, accounting records, logs, memoranda, minutes, statistical compilations, work sheets, insurance policies, films, photographs, videotapes, voice recordings, drawings, computer disks, computer tapes, computer stored information, lists and correspondence, whether or not in your possession or under your immediate control (insofar as these Interrogatories are concerned), relating to or pertaining in any way to the subject matter in connection with which it is used, and further includes, without limitation, file copies and other copies, no matter how or by whom prepared and all drafts prepared in connection with such "documents", whether used or not.

The term "identify" or "identity" used in conjunction with "documents" shall mean to state the date of the same, its author and sender (if appropriate), its intended recipient (if appropriate), and a general statement of the form and

content of each such document reflecting the contents of the same and the identity of its custodian.

The term **"identify", or "identity"** when used in conjunction with a request for the identity of a "person" shall mean to state the person's complete name, home address, home phone, business address, business phone, and job description if employed by you.

The term **"Incident"** is defined to mean the May 13, 2008, event in which Plaintiffs were injured when the rear tire on their 2007 HD Ultra Classic catastrophically failed causing a wreck.

The term **"Plaintiff's Motorcycle"** is defined to mean the 2007 Harley Davison Ultra Classic, VIN#1HD1FC4157Y677627.

The term **"Similar Motorcycle"** is defined to mean **any touring motorcycle** manufactured by you that uses the same frame, swing arm, and rear tire (Dunlop D-402) as the **Plaintiff's Motorcycle, including, but not limited to, the Plaintiff's Motorcycle,** manufactured by you from the model year 2003 to the present.

The term "**Plaintiff's Tire**" is the Dunlop D-402 MU85-B16, DOT# DA F4 M18M 3607 tire that was on **Plaintiff's Motorcycle** at the time of the **Incident**.

The term "**Similar Tire**" is any Dunlop D-402 tire of the model, size, load index, and design that is similar to the **Plaintiff's Tire** that was on **Plaintiff's Motorcycle** at the time of the **Incident**.

The term "**HD**" refers to Defendant Harley-Davidson.:

## **FIRST INTERROGATORIES**

1.

Identify each person, other than counsel, who aided or was consulted during the process of answering these Interrogatories, and as to each state the Interrogatory for which they provided information.

2.

With respect to each person known to this Defendant who has any information concerning the cause of, or the facts surrounding, Plaintiff's injuries, the nature and extent of Plaintiff's injuries, or any other information concerning the facts and issues in this case, please:

I. AS TO FACT WITNESSES

a. Identify each such person by providing their full name, current address, telephone number, and present employment;

b. State the date and form of any statement you have from him or her; and

c. Describe the information which the person possesses. (This interrogatory does not seek the identity of persons whose knowledge is, for example double hearsay. Instead, it seeks information identifying people with first hand personal knowledge of relevant facts – this will include everyone who was in the group of people performing the repair work with Plaintiff Dennis Baker at the time he was injured.)

II. AS TO WITNESSES WHO KNOW ABOUT THE MANUFACTURE OF **PLAINTIFF'S TIRE** AND **SIMILAR TIRES**:

a. All stage one and stage two tire builders at the plant where **Plaintiff's Tire** was manufactured;

(b) All individuals who built D-402 tires at the plant where **Plaintiff's Tire** was manufactured from zx to zx;

(c) All tire inspectors at the plant where **Plaintiff's Tire** was manufactured from zx to zx;

(d) The head(s) of the maintenance department at the plant where the **Plaintiff's Tire** was manufactured from zx to zx;

(e) The head(s) of the molds and curing department at the plant where the **Plaintiff's Tire** was manufactured from zx to zx;

(f) All plant/shop supervisors and/or foremen at the plant where the **Plaintiff's Tire** was manufactured from zx to zx; and

6

(g) All plant directors at the plant where **Plaintiff's Tire** was manufactured from zx to zx.

h. The identity of the tire builder(s) who built the **Plaintiff's Tire**;

j. The identify of the inspector(s) who built the **Plaintiff's Tire**;

3.

Describe the process you believe Plaintiff should have followed to ascertain if he was exceeding the weight limit of **Plaintiff's Tire**.

4.

Identify each person who has served as the product line or brand manager for **Similar Tires** from the date the tires were first designed to the present, stating in your answer the dates each person so served.

5.

Identify each and every employee and/or agent who participated in the manufacture and/or inspection of the **Plaintiff's Tire** and, stating as to each the duties performed, the date they handled the tire, their job title, and the identity of all documents that record, reflect, or otherwise evidence their work on the **Plaintiff's Tire**.

6.

With respect to any information you have obtained, regardless of the media or format, of any type, including information obtained by or acquired by

Thomas M. Johnson, Jr., or any other employee or agent of Defendant Dunlop, relating to tire pressures and/or the loads being placed onto **Similar Tires** mounted on **Similar Motorcycles** or HD touring motorcycles, please:

    a.    describe all such information including the date obtained;

    b.    describe the source of the information (i.e., from HD, field study, publication, motorcycle rally, email, mail, memoranda, conversation, etc.);

    c.    Identify each person who provided the information;

    d.    Identify each person who obtained or was provided the information;

    e.    describe what you did in reaction to the information;

    f.    describe anything of which you are aware that Defendant HD did in response to the information.

7.

Identify and describe in complete detail each and every failure to exercise due care, or act of negligence, abnormal use, misuse, gross negligence, comparative negligence, or contributory negligence, which you contend that Plaintiff committed concerning the incident-in-suit – including but not limited to loading, carrying a passenger, and tire maintenance. (Plaintiff does not expect or request a legal opinion. Instead, this question intends that a common every day

8

meaning be applied to the words used in order to identify facts that support any claim that Plaintiff was the fault of this incident.)

8.

Identify each person or entity you contend contributed to the cause of the incident in question (including, but not limited to, any claims that any co-defendant contributed to the cause of this event) and as to each describe the act or omission that you contend constituted a contributing cause of each incident in question.

9.

If you contend that this incident resulted from the abnormal use or misuse of the **Plaintiff's Motorcycle** or **Plaintiff's Tire**, please state with specificity each fact which supports your contention, identify each person who has personal knowledge of each fact which supports your contention, and identify all documents which record, reflect, or otherwise evidence, in whole or in part, your response to this interrogatory.

10.

With respect to any other person who has made a claim, whether physically injured or not, or who has been injured even in the absence of a claim,

in which a Dunlop D-402 tire on a **Similar Motorcycle** is alleged to have caused or contributed to a the claim of injury (physical or property), please:

   a. Identify all such persons;

   b. Describe how they claim they were injured;

   c. If a lawsuit was filed, identify the lawsuit by providing the name and phone number of the claimant's counsel, the name of the Court, and the Civil Action number;

   d. Describe the resolution of each claim (i.e., settled, tried, pending)

11.

With respect to the run of tires during which the **Plaintiff's Tire** was built:

   a. Describe in detail the step-by-step tire making process, from beginning to end;

   b. Describe in detail the quality control process (including inspections) for this run of tires and state if it was different than that followed for other runs of similar tires;

   c. Describe in detail the tire testing process that was followed for this run of tires and state if it was different than that followed for other runs of similar tires;

d. Describe in detail the tire adjustment process that was followed and state if it was different than that followed for other runs of similar tires;

e. Identify all employees who were working at the plant during the week that **Plaintiff's Tire** was manufactured

f. How many tires were intended to be built;

g. How many tire were actually built;

h. How many tires were scrapped during the inspection process;

i. What was the number of tires pulled because of defects during the inspection process;

j. How many of the tires from the run were shipped;

k. When did the run start and when did it end;

l. At what point in the run was the **Plaintiff's Tire** built;

m. Were any of the tires pulled for testing, if so, how many, when during the run were the tested tires built what were the results of the testing;

n. state the price of the tire at each level of the chain of sale (i.e., wholesale, distributor, retail, etc.)

o. describe the chain of distribution of the **Plaintiff's Tire**.

12.

Identify all model tires that use the same green tire as **Similar Tires**.

13.

What input or control did HD have with respect to the design, manufacture, inspection or testing of tires built for use HD OEM tires that have "Harley-Davidson" molded onto the sidewall.

14.

Describe all differences that exist between D-402 tires shipped directly to Harley Davidson for installation as OEM and tires shipped to dealers and retailers to be used as replacement tires.

This 11th day of November, 2009.

                                          Respectfully submitted
                                          WARSHAUER POE, P.C.

                                          By:_____
                                          Michael J. Warshauer
                                          Georgia Bar No. 018720
                                          Douglas C. Dumont
                                          Georgia Bar No. 232680
                                          Attorneys for Plaintiff

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900

## CERTIFICATE OF SERVICE

Pursuant to Local Rules, Middle District of Georgia, I hereby certify that I have served a copy of the foregoing via U.S. Mail with adequate postage affixed thereon to the following attorneys of record:

Johnathan T. Krawcheck, Esq.
Brannon J. Arnold, Esq.
Weinberg Wheeler Hudgins Gunn & Dial LLC
950 E. Paces Ferry Road, Suite 3000
Atlanta, GA 30326

Ernest H. Eubanks, Esq.
Steven I. Klein, Esq.
Rumberger, Kirk & Caldwell, P.A.
P.O. Box 1873
Orlando, FL 32802

Alfred B. Adams, III, Esq.
John M. Hamrick, Esq.
Holland & Knight LLP
1201 West Peachtree Street, NE
Suite 2000, One Atlantic Center
Atlanta, GA 30309

This 11th day of November, 2009.

By:_____

WARSHAUER POE, P.C.
3350 Riverwood Parkway, Suite 2000
Atlanta, GA 30339
(404) 892-4900