UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

STEVEN MORRIS, individually,
and STEVEN MORRIS as Surviving
Spouse of PATRICIA MORRIS,
deceased, and STEVEN MORRIS as
the Administrator of the Estate of
PATRICIA MORRIS,

        Plaintiff,

                                  CIVIL ACTION

vs.                            FILE NO.:  3:09-cv-74(CDL)

HARLEY DAVIDSON MOTOR
COMPANY and GOODYEAR
DUNLOP TIRES NORTH
AMERICA, LTD.,

        Defendants.

_____/

## HARLEY-DAVIDSON'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFF'S CLAIM RELATING TO TIRE PRESSURE MONITORING AND/OR LOAD MONITORING SYSTEMS

Defendant, HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC (improperly identified in Plaintiff's First Amended Complaint as Harley Davidson Motor Company) ("Harley-Davidson"), pursuant to Federal Rule of Civil Procedure 56, files this Motion for Partial Summary Judgment regarding Plaintiff's claims that Harley-Davidson was negligent

and that the subject motorcycle was defective because it was not equipped with a tire pressure monitoring system ("TPMS") or load monitoring system since there is no genuine issue as to any material fact and Harley-Davidson is entitled to a judgment as a matter of law.

## I. INTRODUCTION

This product liability action arises from a single motorcycle accident which occurred on May 13, 2008 while Plaintiff, Steven Morris, was operating a 2007 Harley-Davidson Ultra Classic motorcycle with his wife as a rear passenger. See Doc. No. 28 at ¶¶6, 13. Plaintiff has alleged strict liability and negligence claims against Harley-Davidson relating to the 2007 Harley-Davidson Ultra Classic motorcycle ("subject motorcycle"). Plaintiff's claims against Harley-Davidson include, in part, allegations that the subject motorcycle was defectively and negligently designed because the subject motorcycle was not equipped with TPMS or load monitor systems.

A TPMS is a system which is now used in automobiles to monitor the air pressure in the tires and to advise the driver when a tire is significantly underinflated. The Federal Motor Vehicle Safety Standards require the installation of a TPMS in automobiles; however, motorcycles are not required to be equipped with a TPMS. See 49 CFR § 571.138. Harley-

2

Davidson motorcycles, including the motorcycle at issue in this case, are not designed to be equipped with a TPMS.

In addition to a TPMS, Plaintiff claims that the subject motorcycle was defectively designed because it was not equipped with what Plaintiff refers to as an "overload warning system" or a load sensor that would alert the driver when the motorcycle was overloaded. This type of technology, if it exists, is not required by the Federal Motor Vehicle Safety Standards for automobiles or motorcycles. See 49 CFR §571.101 et seq. In fact, Harley-Davidson believes no such technology exists, nor does any manufacturer of motorcycles equip its vehicles with any type of load sensor technology.

## II.    FACTS

### A.    Description of Accident

On May 13, 2008, Plaintiff was operating a 2007 Harley-Davidson Ultra Classic motorcycle with his wife as a rear passenger on Interstate 20 in Morgan County, Georgia. Doc. No. 28 at ¶ 13. The subject motorcycle was equipped with tires manufactured by Codefendant, Goodyear Dunlop Tires North America, Ltd. ("Dunlop"). Plaintiff was pulling a trailer in direct contravention of the clear warnings provided in the Owner's Manual and on the motorcycle. Deposition of Plaintiff [Doc 75-2 through 75-5], page 328,

lines 6-10. Mr. Morris testified that as he was driving eastbound on Interstate 20 in the right-hand lane, the back end of the motorcycle suddenly "started swerving left and right." *Id.* page 322, lines 21-23 and page 325, lines 7-9. He testified that he put his left leg down touching the road to keep the motorcycle from going left. *Id.* page 324, lines 8-12 and page 325, lines 24-25. The motorcycle then went to the right into the grass shoulder and immediately went down on its left side. *Id.* page 325, lines 8-12 and page 326, lines 9-16. As a result of the accident, Patricia Morris was killed and Mr. Morris was injured. Doc. 28 at ¶ 14.

**B.    Plaintiff's Defect Allegations**

Plaintiff's First Amended Complaint includes claims of strict liability and negligence against Harley-Davidson and Dunlop.[1] Plaintiff's claims against both Defendants relate to the allegation that the rear tire manufactured by Dunlop "experienced a sudden and catastrophic deflation resulting in loss of control of the motorcycle." Doc. 28 at ¶ 13.

While the allegations of Plaintiff's Amended Complaint are somewhat verbose and repetitive, Plaintiff's defect claims are based in part upon the

---

[1] Plaintiff also seeks punitive damages based upon the alleged strict liability and negligence claims.

4

fact that the subject motorcycle was not equipped with TPMS or a load monitoring system.

According to Plaintiff's Supplemental Response to Harley-Davidson's First Interrogatories, Plaintiff does not claim any manufacturing defect in the subject motorcycle. *See* Plaintiff's Supplemental Response to Harley-Davidson's First Interrogatories No. 1.[2] Rather, Plaintiff contends that the subject motorcycle was defectively designed. *Id.* Plaintiff claims that the motorcycle was defectively designed, in part, because it was not equipped with a TPMS or an "overload warning system." *Id.*

## C. Mr. Morris knew the motorcycle was not equipped with a TPMS or load sensor technology.

(i) Mr. Morris was an experienced motorcycle rider

Plaintiff is an experienced motorcycle rider. He was forty-nine (49) years old at the time of the accident, and had been riding motorcycles since he was in high school. Deposition of Plaintiff, page 226, lines 8-9. He testified that the first motorcycle he owned was a 175cc Honda, which he owned while he was in high school. *Id.* Since then, Plaintiff owned at least five (5) other motorcycles before the subject accident. *Id.* at page 215, lines

---

[2] A copy of Plaintiff's supplemental responses to Harley-Davidson's Interrogatories is attached as Exhibit "A."

1-25, page 225, lines 3-6, page 226, lines 1-9. Before purchasing the subject 2007 Harley-Davidson motorcycle, Mr. Morris owned a 2003 Harley-Davidson Electra Glide Classic motorcycle[3], which he rode for about 40,000 miles before selling it in October 2006. *Id.* at page 216, line 1- page 217, line 12. At the time Mr. Morris purchased the subject motorcycle he had been riding motorcycles for over thirty (30) years. Mr. Morris was even an active member of the local Harley-Davidson Owner's Group ("H.O.G."), which is an organization of Harley-Davidson owners. *Id.* at page 229, lines 1-11. Despite Mr. Morris' claims against Harley-Davidson in this lawsuit, Mr. Morris purchased another Harley-Davidson motorcycle after the accident, a 2008 Harley-Davidson Street Glide.[4] *Id.* at page 160, lines 6-14. As a result of Mr. Morris' experience, he knew that proper tire pressure is critical to safe motorcycle operation and testified that he checked it every time he got on the motorcycle. *Id.* at p. 250, line 17-p. 251, line 3, p. 251, lines 7-16, and p. 256, lines 16-21.

---

[3] The motorcycle in this case, a 2007 "Ultra Classic" is actually called the "Electra Glide Ultra Classic" and is of the same family of motorcycles as Plaintiff's 2003 motorcycle.

[4] The Street Glide is also of the same family of motorcycles as the subject motorcycle.

(ii) Mr. Morris admitted in his deposition that he knew that the motorcycle was **not** equipped with a TPMS or load senor.

Mr. Morris testified in his deposition that when he purchased the subject 2007 motorcycle, he knew that it was not equipped with TPMS.

Q. Do you know what a tire pressure monitor is?
A. Yes.
Q. Did it have – did the '07 have a tire pressure monitor on it when you bought it?
A. No.
Q. And you knew that.
A. Yes.

*Id.* page 260, lines 14-21.

Likewise, Mr. Morris, who had driven the motorcycle for 17,000 miles at the time of the accident, knew that the motorcycle was not equipped with any type of load sensor or overload monitoring system.

Q. Have you ever heard of a load sensor on a motorcycle?
A. No.
Q. You knew your bike didn't have that when you bought it, because you never heard of it.
A. Right. I couldn't tell you if it had it or not, but I don't know – I don't know if it did. I don't know what that is. So I couldn't tell you if it had it or not.
Q. Well, you it didn't have it because you've looked at it and you've rode the bike for 17,000 miles. You never saw a light or a gauge or anything; is that right?
A. No.
Q. Is that right?
A. Yes.

*Id.* page 260, line 22 – page 261, line 12. Mr. Morris' testimony demonstrates that at the time of the accident he understood that the subject motorcycle was not equipped with load sensor technology.

Therefore, Mr. Morris knew when he purchased the subject motorcycle, and certainly at the time of the accident, that the motorcycle was not equipped with a TPMS or load sensor technology. He cannot now, after the accident, be permitted to claim that the absence of these features constituted a design defect.

## III.   ARGUMENT

### A.   Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

To avoid entry of summary judgment, the non-moving party is required to identify specific facts which demonstrate that there is a genuine issue for trial and the non-moving party may not rest on the allegations or denials in its pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

8

(1986); *Zimmerman v. Cherokee County,* 925 F. Supp. 777, 780 (N.D. Ga. 1995). Conclusory allegations will not defeat summary judgment. *Bennett v. Parker,* 898 F.2d 1530, 1534 (11th Cir. 1990); *Bates v. Hunt,* 3 F.3d 374, 378-79, N.7 (11th Cir. 1993). Merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment motion; nor will a mere scintilla of evidence suffice. *Boim v. National Data Products, Inc.,* 932 F. Supp. 1402, 1403 (M.D. Fla. 1996). Similarly, affidavits setting forth legal conclusions cannot be treated as factual support in opposition to a motion for summary judgment. *Bates,* 3 F.3d at 378-79, N. 7.

Instead, the non-moving party must offer evidence from which a fair-minded jury could return a verdict for that party after examining the record as a whole. *Anderson,* 477 U.S. at 248. The issues of fact raised by the non-moving party must be genuine, not speculative. *Scott v. Harris,* 550 U.S. 372 (2007).

**B.    The absence of a TPMS or load monitor system does not constitute an actionable defect under Georgia law.**

TPMSs and load monitors are additional features, which might provide an additional benefit over a typical motorcycle, but their absence does not render the subject motorcycle defective under Georgia law.

According to Georgia law, the fact that a product does not contain additional safety features does not constitute a defect as a matter of law.

> If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof.

*Barnes v. Harley-Davidson Motor Company, Inc.*, 357 S.E.2d 127, 130 (Ga. App. 1987); *Hunt v. Harley-Davidson Motor Company, Inc.*, 248 S.E.2d 15, 16 (Ga. App. 1978); *Vax v. Albany Lawn & Garden Center*, 433 S.E.2d 364 (Ga. App. 1993).

In *Barnes* and *Hunt*, the Georgia Court of Appeals held that as a matter of law the absence of crash bars on Harley-Davidson motorcycles did not constitute a defect. In both *Barnes* and *Hunt*, the plaintiffs claimed that the motorcycle was defectively designed because it was not equipped with crash bars. The *Barnes* and *Hunt* Courts affirmed entry of summary judgment in favor of Harley-Davidson and held that the absence of crash bars did not constitute a defect.

In *Barnes*, the Court found that there was no independent responsibility upon a motorcycle manufacturer to install crash bars as

standard equipment, and Harley-Davidson satisfied the requirements of the law for product safety and suitability. *Barnes*, 357 S.E.2d at 131. The Court stated:

> A manufacturer or a seller does not have the status of an insurer as respects product design. Since it is patent that virtually any article, of whatever type or design, is capable of producing injury when put to particular uses or misuses, a manufacturer has no duty so to design his product as to render it wholly incapable of producing injury. . . . A motorcycle by its nature subjects the rider to a greater risk of injury than other forms of transportation; neither the legislature nor the common law has imposed upon the motorcycle manufacturer the duty of installing crash bars and we decline to so do.

*Id.* at 130.

Similarly, in *Vax v. Albany Lawn & Garden*, the Court held that the absence of certain devices on a lawnmower did not make the lawnmower defective. *Vax*, 433 S.E.2d at 366. The plaintiff alleged that the absence of a "smooth start clutch" and a "deadman control" (a device that stops the mower when the operator leaves the seat) rendered the mower defective in its design. *Id.* at 365. The Court stated:

> Whether sounding in negligence or product liability, Vax's claim is essentially that the mower she bought was not the safest machine available at the time of her injury. The law does not require, however, that a manufacturer produce or sell only the safest products it is capable of making.

*Id.* at 366. The Court held that because the mower was suitable for its intended use, the trial court properly granted summary judgment in favor of the defendants. *Id.*; *see also Pressley v. Sears Roebuck and Co.,* 738 F. 2d 1222, 1223 (11th Cir. 1984) (finding that absence of deadman switch on mower did not constitute a defect under Georgia law); *Colson v. Allied Products Corp.,* 640 F.2d 5 (5th Cir. 1981) (finding that the lack of a guard on a mower did not constitute a defect under Georgia law).

As recognized by the Georgia Court of Appeal, "a motorcycle by its nature subjects the rider to a greater risk of injury than other forms of transportation." Plaintiff, by virtue of his extensive motorcycle experience, knew of the dangers inherent in operating a motorcycle. The subject motorcycle was suitable for its intended use and operating the subject motorcycle, without a TPMS or load monitoring system, presented no additional danger or peril. Instead, a TPMS or, to the extent one exists, load monitoring system, are at most additional safety features, not unlike crash bars, the absence of which cannot constitute a design defect under Georgia law. Accordingly, Harley-Davidson is entitled to summary judgment on this issue.

## C. The absence of devices, which is known to plaintiff, does not constitute a defect.

At the time of purchase and certainly before the May 13, 2008 crash, Plaintiff **knew that the subject motorcycle was not equipped** with a TPMS or load monitoring system. Under Georgia law, a plaintiff cannot claim that a product is defective because it lacks a device, the absence of which was known to the plaintiff before the incident at issue. *Stodghill v. Fiat-Allis Construction Machinery*, 295 S.E.2d 183 (Ga. App. 1982); *Trailmobile, Inc. v. Smith*, 351 S.E.2d 528 (Ga. App. 1986); *Floyd v. Fruehauf Corp.*, 1987 WL 159968 (N.D.Ga. 1987) ("Georgia case law is clear on the point that a known hazard created by a product cannot amount to a defect.").

In *Stodghill*, the plaintiff was injured while operating a bulldozer when a tree went over the bulldozer blade and struck him in the chest. *Stodghill*, 295 S.E. 2d at 183-84. The plaintiff brought a product liability action against the bulldozer manufacturer claiming that the machine was defective because it had no protective metal cage surrounding the driver's seat. *Id.* at 184. The plaintiff testified that he was an experienced bulldozer operator and knew before the incident that the lack of a protective cage exposed him to injury by anything that might strike the driver's

13

compartment. *Id.* The Court affirmed the trial court's granting of summary judgment in favor of the bulldozer manufacturer and held that the alleged defect was not actionable because it was known to the plaintiff. *Id.* at 185.

Like *Stodghill*, the Northern District of Georgia held that the plaintiff's product liability claims were barred as a matter of law because the plaintiff knew that the tank trailer lacked the devices at issue. *Floyd*, 1987 WL 159968. In *Floyd*, the plaintiff's decedent was an "oxidizer operator" who was responsible for loading hot roofing asphalt into tank trailers. *Id.* In loading the tank trailers, the oxidizer operator had to stand on a loading rack near the opening of the tank trailer. *Id.* The decedent was killed when asphalt and flame erupted out of the top of the tank trailer while he was standing on the loading rack. *Id.* The plaintiff brought an action against the manufacturer of the tank trailer claiming that lack of an external gauge on the tank constituted a defect. *Id.*

The Northern District found that the decedent was an experienced oxidizer operator and was aware of the risk that hot asphalt, if loaded improperly, could erupt out of the tank trailer. *Id.* The manufacturer moved for summary judgment on the grounds that the absence of an external gauge and the associated risk of erupting asphalt were known to the decedent

before the incident. *Id.* The Court stated that the plaintiff had knowledge of the alleged hazards in the tank trailer at issue. *Id.* Therefore, the Court granted the manufacturer's motion for summary judgment finding that the plaintiff's strict liability and negligence claims failed as a matter of law. *Id.*; *see also Trailmobile*, 351 S.E.2d at 530.

Both *Floyd* and *Stodghill* involved claims by plaintiffs, who, not unlike Plaintiff in this case, were very experienced operators of the products at issue. Just like Floyd and Stodghill, Plaintiff knew that the product he was using did not have certain features. In fact, Plaintiff's claim that the subject motorcycle was defective because it was not equipped with a TPMS or load monitoring system so that Plaintiff could be notified of the tire pressure or load on the motorcycle/tires, is no different from Floyd's claim that the tank trailer should have had an external gauge on the tank so that Floyd could check the level of the asphalt. Accordingly, because Plaintiff knew that the subject motorcycle was not equipped with a TPMS or load monitoring system, at the time he purchased it and certainly well before the subject accident, the absence of these devices is not a defective condition for which Harley-Davidson can be held liable under Georgia law.

## IV. CONCLUSION

As stated above, Harley-Davidson is entitled to summary judgment on Plaintiff's claims that the subject motorcycle was defective because it was not equipped with a TPMS and/or load monitoring system. TPMS and load monitoring systems are additional features on a motorcycle, the absence of which, as a matter of law, does not constitute a design defect. Further, Plaintiff knew that the subject motorcycle was not equipped with TPMS and/or a load monitoring system at the time he purchased the motorcycle and certainly well before the time of the accident. Therefore, Therefore, Harley-Davidson is entitled to summary judgment as a matter of law on Plaintiff's defect claims premised upon the absence of a TPMS or load monitor.

WHEREFORE, because there is no genuine issue of material fact and Harley-Davidson is entitled to a judgment as a matter of law, Harley-Davidson Motor Company Group, LLC, respectfully requests that, this Honorable Court enter Partial Summary Judgment in its favor with respect to Plaintiff's claims that the subject motorcycle is defective or that Harley-Davidson is negligent based upon the absence of TPMS or load monitoring

16

systems, and to award such other relief in Harley-Davidson's favor as the Court deems just.

This 2nd day of July, 2010.

Respectfully submitted,

s/Ernest H. Eubanks, Jr.

| | |
|---|---|
| Ernest H. Eubanks, Jr. | Thomas Christopher Trent |
| Georgia Bar ID 842529 | Georgia Bar ID 842794 |
| Steven I. Klein | JOHNSON, TRENT, WEST & |
| Georgia Bar ID 842530 | TAYLOR, L.L.P. |
| RUMBERGER, KIRK & CALDWELL, PA | 919 Milam Street, Suite 1700 |
| Post Office Box 1873 | Houston, Texas 77002 |
| Orlando, Florida 32802-1873 | 713-860-0525 Office |
| (407) 872-7300 Office | 713-222-2226 Facsimile |
| (407) 841-2133 Facsimile | *Admitted Pro Hac Vice* |
| *Admitted Pro Hac Vice* | |

Johnathan T. Krawcheck
Georgia Bar No. 429320
Brannon J. Arnold
Georgia Bar No. 218034
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
950 East Paces Ferry Road, Suite 3000
Atlanta, Georgia 30326
(404) 832-9512 Office
(404) 875-9433 Facsimile

Attorneys for Defendant, Harley-Davidson
Motor Company Group, LLC (improperly
named in Plaintiff's First Amended Complaint
as Harley Davidson Motor Company)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Michael J. Warshauer**, mjw@warpoe.com, **Douglas C. Dumont**, dcd@warpoe.com, **Alfred B. Adams, III**, al.adams@hklaw.com, and **John M. Hamrick**, john.hamrick@hklaw.com.

s/Ernest H. Eubanks, Jr.

| | |
|---|---|
| Ernest H. Eubanks, Jr. | Thomas Christopher Trent |
| Georgia Bar ID 842529 | Georgia Bar ID 842794 |
| Steven I. Klein | JOHNSON, TRENT, WEST & |
| Georgia Bar ID 842530 | TAYLOR, L.L.P. |
| RUMBERGER, KIRK & CALDWELL, PA | 919 Milam Street, Suite 1700 |
| Post Office Box 1873 | Houston, Texas 77002 |
| Orlando, Florida 32802-1873 | 713-860-0525 Office |
| (407) 872-7300 Office | 713-222-2226 Facsimile |
| (407) 841-2133 Facsimile | *Admitted Pro Hac Vice* |
| *Admitted Pro Hac Vice* | |

Johnathan T. Krawcheck
Georgia Bar No. 429320
Brannon J. Arnold
Georgia Bar No. 218034
WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
950 East Paces Ferry Road, Suite 3000
Atlanta, Georgia 30326
(404) 832-9512 Office
(404) 875-9433 Facsimile

Attorneys for Defendant, Harley-Davidson

Motor Company Group, LLC (improperly
named in Plaintiff's First Amended Complaint
as Harley Davidson Motor Company)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

RECEIVED

DEC 1 1 2009

Orlando Law Offices of
Rumberger, Kirk & Caldwell, P.A.

STEVEN MORRIS, individually,
and STEVEN MORRIS as Surviving
Spouse of PATRICIA MORRIS,
deceased, and STEVEN MORRIS as
the Administrator of the Estate of
PATRICIA MORRIS,

      Plaintiff,

v.

HARLEY DAVIDSON MOTOR
COMPANY, and GOODYEAR
DUNLOP TIRES NORTH
AMERICA, LTD.,

      Defendants.

CIVIL ACTION
FILE NO. 3:09-CV-74-CDL

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC'S FIRST INTERROGATORIES

Plaintiff objects to each of Defendant's Interrogatories to the extent that

Defendant seeks information protected by the attorney/client privilege or the

work product doctrine.

As investigation and discovery are continuing, Plaintiff reserves the right

to supplement these responses. Without waiving the above objections, Plaintiff

responds as follows:

# INTERROGATORIES

## INTERROGATORY NO. 1:

Do you contend that there was a manufacturing or design defect in the subject motorcycle, and, if so, state with specificity what the defect is, whether it is alleged to be a design defect or a manufacturing defect; what specific components are alleged to be defective; setting forth in detail each and every fact relied upon by you in support of your claim of defect giving the names, addresses and telephone numbers of each person with knowledge of these facts; and substance of the facts for each person with knowledge.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground it requires a legal opinion Plaintiff is not qualified to give. Plaintiff further objects to producing work product information prepared in anticipation of litigation protected by Fed. R. Civ. P. 26. FTC v. Grolier Inc., 462 U.S. 19, 25 (1983) (attorney work product is exempt from mandatory disclosure without regard to the status of the litigation for which it was prepared). Further, discovery in this case is just beginning, so it is inappropriate to require Plaintiff to respond to contention interrogatories at this time. Plaintiff is not an expert and has not designated any testifying expert at this point in the litigation. Subject to these objections, Plaintiff relies on the allegations contained in his Complaint and will supplement as discovery progresses in accordance with Rule 26.

**SUPPLEMENTAL RESPONSE:** Without waiving prior objections, at this point in the litigation, Plaintiff is not aware of any manufacturing defect with the bike – it appears to have been made as designed. Plaintiff does contend the 2007 FLHTCU Ultra Classic was defective in its design because it was not sufficiently safe to carry expected and foreseeable passenger and cargo loads without risk of catastrophic tire failure and loss of control of the motorcycle. Defendant could have and should have modified the design of the motorcycle without negatively affecting its utility (see the 2009 model) to increase weight limits. Additionally, the design is defective because it does not have a tire sufficient to support expected loads. Additionally, the design was defective because it had neither weight nor tire pressure monitoring to assist users in avoiding dangerous overloads. The motorcycle was also defective because the warnings about weight and load limits were insufficient to communicate the dangers to users. Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

If you contend that there was a manufacturing or design defect in the subject motorcycle, please state in detail what the alternative design is and with specificity describe how the subject motorcycle should have been designed or manufactured to avoid any defective condition which you allege existed in response to Interrogatory No. 1 above. Please state specifically your alternative

design, how such design is safer than the existing design, how such design is practical, and specifically if such alternative design was available for use by this defendant at the time it manufactured the subject motorcycle.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground it requires a legal opinion Plaintiff is not qualified to give. Plaintiff further objects to producing work product information prepared in anticipation of litigation protected by Fed. R. Civ. P. 26. FTC v. Grolier Inc., 462 U.S. 19, 25 (1983) (attorney work product is exempt from mandatory disclosure without regard to the status of the litigation for which it was prepared). Further, discovery in this case is just beginning, so it is inappropriate to require Plaintiff to respond to contention interrogatories at this time. Plaintiff is not an expert and has not designated any testifying expert at this point in the litigation. Subject to these objections, Plaintiff relies on the allegations contained in his Complaint and will supplement as discovery progresses in accordance with Rule 26.

**SUPPLEMENTAL RESPONSE:** Without waiving prior objections, at this point in the litigation the 2007 FLHTCU was one of the heaviest, if not the heaviest, touring bike on the market. BMW, Kawasaki and Honda all make lighter bikes with greater available load limits. Further, Defendant knew about this insufficient weight capacity problems for decades and had the technology to build a bike similar to the 2009 Ultra Classic, which increases the safety of the

4

bike without taking away from its utility. See answer to number 1. Plaintiff

reserves the right to supplement this response.

## INTERROGATORY NO. 3:

Please describe in detail and with specificity each and every act or

omission on the part of each of the Defendants which you contend constituted

negligence that was a contributing legal cause of the accident and/or injuries in

question giving the names, addresses, telephone number and substance of the

facts for each person with knowledge.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground it

requires a legal opinion Plaintiff is not qualified to give. Plaintiff further objects

to producing work product information prepared in anticipation of litigation

protected by Fed. R. Civ. P. 26. FTC v. Grolier Inc., 462 U.S. 19, 25 (1983)

(attorney work product is exempt from mandatory disclosure without regard to

the status of the litigation for which it was prepared). Further, discovery in this

case is just beginning, so it is inappropriate to require Plaintiff to respond to

contention interrogatories at this time. Plaintiff is not an expert and has not

designated any testifying expert at this point in the litigation. Subject to these

objections, Plaintiff relies on the allegations contained in his Complaint and will

supplement as discovery progresses in accordance with Rule 26.

**SUPPLEMENTAL RESPONSE:** Without waiving prior objections, at this point in the litigation, Plaintiff contends Defendant Harley was negligent in manufacturing the 2007 FLHTCU Ultra Classic by:

(a)　failing to exercise reasonable care to design and manufacture the motorcycle to hold reasonably foreseeable loads of passengers and cargo;

(b)　failing to specify tires that were sufficiently robust to support reasonably foreseeable loads of passengers and cargo;

(c)　failing to include a warning system to advise users that the tires were overloaded, including but not limited to on-bike warnings, easily-decipherable available weight limits, and a tire pressure monitoring system;

(d)　failing to include a warning system to advise users that the motorcycle was overloaded, including but not limited to on-bike warnings, easily-decipherable available weight limits, and a tire pressure monitoring system;

(e)　failing to have adequate warnings and instructions to prevent overloading of the motorcycle and tires; and,

(f)　failing to take steps to discourage sales and service of motorcycles to riders, and encourage the communication of danger warnings, to users who were likely to overload the motorcycle during foreseeable use.

Plaintiff reserves the right to supplement this response.

**INTERROGATORY NO. 9:**

Please identify by topic, title, date and author or photographer, each and every document, report, publication, film, photograph or other tangible material which you contend supports your claim of defect and/or negligence and specify the custodian of such material.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground it is overly broad, unduly burdensome and not reasonably limited in time or scope. Further, it is vague, ambiguous and difficult to form a meaningful response thereto. Plaintiff does not understand what defendant is asking for in this Interrogatory. Plaintiff believes the subject motorcycle and subject tire support his claims against the defendants. Plaintiff also believes that any work performed by his testifying experts may support his claim, but is unaware of any reports prepared by these experts and this information is not discoverable until and unless Plaintiff designates these experts as testifying experts. Plaintiff objects to identifying experts retained for consulting purposes only; discovery regarding non-testifying experts is limited to the circumstances set forth in Fed.R.Civ.P. 26(b)4(B), which are not present in this case.

Plaintiff further objects to producing work product information prepared

in anticipation of litigation protected by Fed. R. Civ. P. 26. FTC v. Grolier Inc.,
462 U.S. 19, 25 (1983) (attorney work product is exempt from mandatory
disclosure without regard to the status of the litigation for which it was
prepared).

**SUPPLEMENTAL RESPONSE:** Without waiving prior objections,
Plaintiff further objects because this is contention interrogatory, discovery has
just begun, Defendant has yet to produce a single document and has resisted
Plaintiff's efforts to serve a sufficient number of interrogatories, document
requests and requests for admissions to allow Plaintiff to be better able to
respond to this Interrogatory. Defendant is in the possession of most of the
documents that would support Plaintiff's claims, so Plaintiff hopes to be able to
supplement this response if Defendant is forthright in its document production.
Plaintiff further objects to producing work product information prepared in
anticipation of litigation protected by Fed. R. Civ. P. 26. FTC v. Grolier Inc., 462
U.S. 19, 25 (1983) (attorney work product is exempt from mandatory disclosure
without regard to the status of the litigation for which it was prepared). Subject
to these objections, the following information supports Plaintiff's claim of defect
and/or negligence:

The Subject Tire; Georgia State Patrol Motor Vehicle Accident Report,
investigation photographs, Dash Cam video from Trooper Little's cruiser;

Deposition testimony of GSP Investigators, Morgan County Fire Department responders, Morgan County Sheriff's Office responders; Deposition testimony of Plaintiff; Service Records for the subject motorcycle; Harley-Davidson Owner's Manual for the subject motorcycle; Harley-Davidson Owner's Manual for the 2009 FLHTCU Ultra Classic motorcycle (Plaintiff does not have a copy of this manual, but is certain Defendant does); the Plaintiff's Motorcycle. This information was produced in Plaintiff's responses to Defendant's request for documents, (except the motorcycle which has been made available for inspection) and Plaintiff reserves the right to supplement.

**INTERROGATORY NO. 10:**

Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

**RESPONSE:** Plaintiff sustained multiple fractures and contusions, as described in the produced medical records. Patricia Morris sustained severe traumatic injuries causing her death. The medical records containing a more accurate and thorough description of these injures are being produced hereto.

**SUPPLEMENTAL RESPONSE:** According to the medical records, Plaintiff sustained a closed head injury, left scapular body fracture,

abrasions/rash to left and right arms, swollen left ankle, multiple left-sided rib fractures and left shoulder dislocation. He does not know which, if any, of these injuries are permanent. Plaintiff's wife, Patricia Morris, sustained multiple injuries to her head and upper and lower extremities, which led to her untimely death. See Plaintiff's deposition testimony.

**INTERROGATORY NO. 11:**

Please describe in detail and with specificity the wording, location, color, size and type of any and all warning that you contend should have been provided with the subject motorcycle that would have prevented the subject accident and injuries alleged.

**RESPONSE:** Plaintiff objects to this Interrogatory on the ground it requires a legal opinion Plaintiff is not qualified to give. Plaintiff further objects to producing work product information prepared in anticipation of litigation protected by Fed. R. Civ. P. 26. FTC v. Grolier Inc., 462 U.S. 19, 25 (1983) (attorney work product is exempt from mandatory disclosure without regard to the status of the litigation for which it was prepared). Plaintiff further objects to identifying experts retained for consulting purposes only; discovery regarding non-testifying experts is limited to the circumstances set forth in Fed.R.Civ.P. 26(b)4(B), which are not present in this case. Further, discovery in this case is just beginning, so it is inappropriate to require Plaintiff to respond to contention

interrogatories at this time. Subject to these objections, Plaintiff believes there should have been a warning to inform the consumer when, and to determine if, the motorcycle is overloaded as well as the condition of the tires. Expert testimony will be offered as required by Fed.R.Civ.P. 26 to elaborate and expand.

**SUPPLEMENTAL RESPONSE:**     Without waiving prior objections, Plaintiff contends there should have been a warning to inform the consumer when, and to determine if, the motorcycle is overloaded as well as the condition of the tires, including but not limited to:

Tire Pressure Monitoring System; highly visible color coded on-product warning; explicit and easily understood available weight limit wording in Owner's Manual and on the motorcycle; on-board visible warning system; sales literature; dealer point of sale education with regard to safe weight limits of riders and other weight limit issues which could result in death or serious injury; education of service department employees to identify potential overloading issues which could result in death or serious injury; specific weight of after-sale parts indicated on each part with accompanying educational and warning materials advising users of how this part reduces the available load for the motorcycle.

**INTERROGATORY NO. 12:**

Please describe in detail every addition, alteration, or modification made to the subject motorcycle by any person after the original retail sale or lease, if any, and describe the person(s) that made each such addition, alteration, or modification, state the date(s) and address(es) at which each addition, alteration or modification was made, and identify every writing, invoice, estimate, or other documents) or thing(s), if any, referring to or evidencing each such addition, alteration, or modification.

**RESPONSE:** Plaintiff is producing all service records and bills of sale in his possession for any addition, alteration, or modification made to the subject motorcycle subsequent to Plaintiff purchasing the subject motorcycle.

**SUPPLEMENTAL RESPONSE:** All additions, alterations, or modifications, if any, are set forth in the service records and bills of sale Plaintiff has already produced. Plaintiff refers Defendant to Repair-Service records, Bates Nos. 00001-00060.

**INTERROGATORY NO. 13:**

Identify by make, model and model year, all production motorcycles known to you to have tire pressure monitor systems.

**RESPONSE:** Plaintiff objects to producing work product information prepared in anticipation of litigation protected by Fed. R. Civ. P. 26. _FTC v._

<u>Grolier Inc.</u>, 462 U.S. 19, 25 (1983) (attorney work product is exempt from mandatory disclosure without regard to the status of the litigation for which it was prepared).  Subject to this objection, Plaintiff believes certain BMW motorcycles have tire pressure monitor systems installed on them.

**SUPPLEMENTAL RESPONSE:**     Without waiving prior objections, upon information and belief, Plaintiff believes the BMW 2007 R1200RT, and possibly other motorcycles, has a tire pressure monitoring system installed on it. Plaintiff reserves the right to supplement this response.

This 7th day of December, 2009.

Respectfully submitted
WARSHAUER POE, P.C.

Michael J. Warshauer
Georgia Bar No. 018720
Douglas C. Dumont
Georgia Bar No. 232680
Attorneys for Plaintiff

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900

## CERTIFICATE OF SERVICE

Pursuant to Local Rules, Middle District of Georgia, I hereby certify that I have served a copy of **Plaintiff's Supplemental Response to Defendant Harley's First Interrogatories** by placing same in the U.S. Mail, with adequate postage affixed thereon and addressed to the following attorneys of record:

Johnathan T. Krawcheck, Esq.
Brannon J. Arnold, Esq.
Weinberg Wheeler Hudgins Gunn & Dial LLC
950 E. Paces Ferry Road, Suite 3000
Atlanta, GA 30326

Ernest H. Eubanks, Esq.
Steven I. Klein, Esq.
Rumberger, Kirk & Caldwell, P.A.
P.O. Box 1873
Orlando, FL 32802

Alfred B. Adams, III, Esq.
John M. Hamrick, Esq.
Holland & Knight LLP
1201 West Peachtree Street, NE
Suite 2000, One Atlantic Center
Atlanta, GA 30309

This 7th day of December, 2009.

By: _____

WARSHAUER POE, P.C.
3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900