IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STEVEN MORRIS, individually, and STEVEN MORRIS as Surviving Spouse of PATRICIA MORRIS, deceased, and STEVEN MORRIS as the Administrator of the Estate of PATRICIA MORRIS,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY DAVIDSON MOTOR COMPANY, and GOODYEAR DUNLOP TIRES NORTH AMERICA, LTD.,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO. 3:09-CV-74-CDL |

## PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT HARLEY DAVIDSON'S REPLY, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY

### I. INTRODUCTION

Presently pending before the Court is Defendant Harley Davidson's motion for partial summary judgment with respect to Plaintiff's claims relating to tire pressure monitoring or load monitoring systems [Doc. 93]. Plaintiff filed a brief in opposition to this motion [Doc. 98] and Defendant has now replied [Doc. 107]. Because Defendant's reply raises an assumption of the risk argument which was not presented in Defendant's initial motion, Plaintiff respectfully requests

that this Court, in its discretion, either strike those portions of Defendant's reply which make an assumption of the risk argument, or, in the alternative, grant Plaintiff permission to file a sur-reply addressing this newly raised argument.

## II. ARGUMENTS RAISED FOR THE FIRST TIME IN A REPLY BRIEF ARE WAIVED.

Arguments raised for the first time in a reply brief are typically waived; or, at the very least, the non-moving party is given a chance to respond to the argument. *American Family Life Assurance Company of Columbus v. Intervoice, Inc.* 659 F.Supp.2d 1271, 1284, fn.4 (M.D. Ga. 2009). "Arguments raised for the first time in a reply brief are not properly before the reviewing court." *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) (citing *United States v. Benz*, 740 F.2d 903, 916 (11th Cir. 1984)). "Normally, a party may not raise new grounds for granting its motion in a reply. Where a party does raise new grounds in its reply, the Court may either strike the new grounds or permit the non-moving party additional time to respond to the new argument." *Int'l Telecomms. Exch. Corp. v. MCI Telecomms. Corp.*, 892 F. Supp. 1520, 1531 (N.D. Ga. 1995).

## III. DEFENDANT'S ASSUMPTION OF THE RISK ARGUMENT IS RAISED FOR THE FIRST TIME IN ITS REPLY

The words "assumption of the risk" or any variation of the words "assumption of the risk" do not appear once in Defendant's initial motion. Nor does Defendant's initial motion set forth the three requirements of an

assumption of the risk defense. In short, Defendant's initial brief did not even remotely raise assumption of risk as a ground for summary judgment.

In responding to the arguments made in Part C of Section III of Defendant's initial motion (pp. 13-15), Plaintiff noted that the three cases Defendant relied on were decided based on the "open and obvious rule," which is no longer Georgia law. Despite the abolition of the open and obvious rule, Defendant's brief claimed a new rule, derived from the open and obvious rule, but with a subjective component reminiscent of the assumption of the risk defense. *See* Pl.'s Resp. to Def. Harley Davidson's Mot. for Partial Summ. J. Regarding Pl.'s Claim Relating to Tire Pressure Monitoring and/or Load Monitoring Systems, 15-19. Plaintiff's resistance brief pointed out that, despite Defendant's focus on Mr. Morris' subjective knowledge, the cases Defendant relied upon were not decided on assumption of the risk grounds but under the open and obvious rule. *Id*. Defendant's reply now argues that its motion for partial summary judgment should be granted on assumption of the risk grounds. This is an entirely new argument.

Again, the words "assumption of the risk" (or any variation) do not appear once in Defendant's initial motion. They are used **nineteen times** in Defendant's reply brief.

## IV. CONCLUSION

Defendant's initial motion ignored Georgia's adoption of risk-utility analysis and sought summary judgment under a rule the Defendant made up based on three cases dealing with the no longer applicable open and obvious rule. Plaintiff responded to those arguments. Defendant's reply brief now raises an assumption of the risk argument for the first time. Therefore, Plaintiff respectfully asks this Court to strike the portions of Defendant's reply dealing with assumption of the risk, or, in the alternative, allow Plaintiff the opportunity, by way of sur-reply, to explain why Defendant's newly made assumption of the risk argument is as meritless as Defendant's initial attempt to turn back sixteen years of Georgia products liability jurisprudence.

Respectfully submitted, this 15th day of September 2010.

WARSHAUER LAW GROUP, P.C.

By:   /s/ Michael J. Warshauer
Michael J. Warshauer
Georgia Bar No. 018720
Douglas C. Dumont
Georgia Bar No. 232680

3350 Riverwood Parkway, Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 Fax
mjw@warlawgroup.com
dcd@warlawgrou.com

4

# CERTIFICATE OF SERVICE

Pursuant to Local Rules, Middle District of Georgia, I hereby certify that I have served a copy of **Plaintiff's Motion to Strike Portions of Defendant Harley Davidson's Reply, or, in the Alternative, For Leave to File Sur-Reply** with the Clerk of Court using the CM/ECF system which will automatically send email notification to the following attorneys of record:

Johnathan T. Krawcheck, Esq.
Brannon J. Arnold, Esq.
Weinberg Wheeler Hudgins Gunn & Dial LLC
950 E. Paces Ferry Rd., Suite 3000
Atlanta, GA 30326

Ernest H. Eubanks, Esq.
Steven I. Klein, Esq.
Rumberger, Kirk & Caldwell, P.A.
PO Box 1873
Orlando, FL 32802

Alfred B. Adams, III, Esq.
John M. Hamrick, Esq.
Holland & Knight, LLP
1201 West Peachtree Street, NE
Suite 2000, One Atlantic Center
Atlanta, GA 30309

Thomas C. Trent, Esq.
Johnson, Trent, West & Taylor, LLP
919 Milam, Suite 1700
Houston, TX 77002

This 15th day of September 2010.

By: /s/ Michael J. Warshauer

WARSHAUER LAW GROUP, P.C.
3350 Riverwood Parkway, Suite 2000
Atlanta, GA 30339